IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE CONTRERAS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:21-cv-3139 |
| ) | |
| v. ) | Honorable Robert M. Dow |
| ) | |
| Illinois State Board of Elections, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS ILLINOIS STATE BOARD OF ELECTIONS AND ITS MEMBERS'
MEMORANDUM OF LAW IN SUPPORT OF
<u>THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

**INTRODUCTION**

Plaintiffs allege that the state legislative districting plan signed into law on June 4, 2021 ("2021 Redistricting Plan") is malapportioned. ECF No. 1 ¶ 2. The Illinois Constitution requires that the 59 Senate Districts and 118 Representative Districts be redistricted the year after each decennial census; this requirement means redistricting must be completed in 2021. *Id.* ¶ 42. The General Assembly is tasked with passing a redistricting plan. *Id.* If a plan is not signed into law by June 30 of the applicable year—here June 30, 2021—a bipartisan redistricting commission comprised of eight members is appointed to draft a redistricting plan. *Id.*

Plaintiffs allege that the 2021 Redistricting Plan is invalid because it is not based on the decennial census data, which Plaintiffs allege is the best source of population data by which to draw redistricting maps. *Id.* at Count I. Typically, the U.S. Census Bureau sends the census data to states by April 1st of the year following each decennial census. *Id.* at ¶ 33. This year, however, the data needed to complete redistricting plans will not be provided until August 16, 2021. *Id.* at ¶ 34. Accordingly, the 2021 Redistricting Plan is based on the U.S. Census Bureau's American

Community Survey's five-year population estimates from 2015–2019 ("ACS data") instead of the 2020 census data. *Id.* ¶ 3.

Plaintiffs allege that the ACS data is not a proper substitute for the census data. *Id.* ¶ 3. Plaintiffs allege that the ACS data should not be used for redistricting maps because it does not account for all Illinois residents, represents a small sampling of addresses in Illinois, does not accurately represent sparsely populated areas, and cannot create substantially equal legislative districts. *Id.* ¶¶ 35-37.

Plaintiffs seek declaratory and injunctive relief. *Id.* at Prayer for Relief. Plaintiffs' claims against the Board must be dismissed because they are barred by the Eleventh Amendment. In addition, the Board is not a "person" for purposes of 42 U.S.C. § 1983. Plaintiffs' claims against the Board Members also must be dismissed because Plaintiffs have not alleged that any Board Members took any action to cause any alleged injury and, therefore, Plaintiffs lack standing under Article III to bring any claims against the Board Members. Plaintiffs also do not state a viable claim against the Board Members because they do not allege a plausible basis to conclude that any of them personally engaged in conduct that violates the Constitution. Plaintiffs' claims against the Board and the Board Members should be dismissed.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a case based on "lack of subject matter jurisdiction." F.R.C.P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id*. at (h)(3).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint should be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). A sufficient complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content, as "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded facts as true, but it must also "draw on its judicial experience and common sense" to determine if the plaintiff has stated a plausible claim for relief. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal* 556 U.S. at 678. If, upon its review, the court determines that a plaintiff has failed to meet this plausibility requirement, the matter should be dismissed.

## ARGUMENT

**I.  PLAINTIFFS' CLAIMS AGAINST THE BOARD ARE BARRED BY THE ELEVENTH AMENDMENT.**

The Eleventh Amendment prohibits suits against a state without the state's consent. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989). It is long-established that this protection is extended to state agencies such as the Board. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* at 100. Because no exceptions to Eleventh Amendment immunity apply here, Plaintiffs' claims against the Board should be dismissed with prejudice.

**II.  PLAINTIFFS CANNOT STATE A VIABLE EQUAL PROTECTION CLAIM AGAINST THE STATE BOARD OR BOARD MEMBERS.**

**A.  The State Board of Elections Is Not An "Individual" That Is Subject To Suit Under 42 U.S.C. § 1983.**

Plaintiffs allege that the Board has violated the equal protection clause of the Fourteenth Amendment and seek relief under 42 U.S.C. § 1983. ECF No. 1 at Count I. As discussed, Plaintiffs'

3

claims against the Board are barred by the Eleventh Amendment. However, even if their claims against the Board were not barred, Plaintiffs cannot bring a Section 1983 claim against the Board. A claim under Section 1983 can be brought only against a "person" who acts under color of state law and deprives another person of his or her rights. *See* 42 U.S.C. § 1983. But neither a state, nor its agencies as arms of the state, are "persons" subject to suit under Section 1983. *Will*, 491 U.S. at 71 (holding that a state is not a "person" under Section 1983). Because the Board is not a "person" under Section 1983, Count I of Plaintiffs' Complaint fails as to the Board.

### B. Plaintiffs Lack Standing to Bring Their Claims Against the Board or the Board Members.

Plaintiffs have not alleged that the Board or Board Members' actions have caused any alleged injury. "Article III restricts the judicial power to actual 'Cases' and 'Controversies,' a limitation understood to confine the federal judiciary to the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury." *Ezell v. City of Chicago*, 641 F.3d 684, 694–95 (7th Cir. 2011). Accordingly, a plaintiff lacks standing unless (1) "the plaintiff suffers an actual or impending injury;" (2) "the injury is caused by the defendant's acts;" and (3) "a judicial decision in the plaintiff's favor would redress the injury." *Id.* (internal quotations omitted). This "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998) (footnote omitted). At the pleading stage, a plaintiff must establish each element of Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Here, Plaintiffs have not satisfied the causation requirement because they make no factual allegations establishing that the alleged injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 650 (1992).

The only allegations that relate to the Board or its Members simply identify the Board as the entity that oversees and regulates public elections in Illinois and name the individual Board Members. ECF No. 1 at ¶¶ 14-21. Plaintiffs make no allegation that the Board or its Members have taken any specific actions, let alone any actions that injured Plaintiffs. *See* ECF No. 1. Without any alleged connection between the Board or Board Members' actions and Plaintiffs' alleged injury, Plaintiffs have "fail[ed] to show a nexus between the alleged violations and their claimed injury." *Paher v. Cegavske*, Case No. 3:20-cv-00243, 2020 WL 2748301 (D. Nev. May 27, 2020). Other than merely identifying the Board and its Members, every factual allegation in the Complaint refers to alleged conduct of other individuals. Because Plaintiffs have failed to allege that any activity fairly traceable to the Board or Board Members caused any injury, "they fall short in their attempt to establish standing." *Hope, Inc. v. DuPage County, Ill.*, 738 F.2d 797, 807–808 (7th Cir. 1984).

Plaintiffs also do not allege any viable relief against the Board or Board Members. The Board has no authority over redistricting. The Illinois Constitution gives the Illinois Supreme Court "exclusive jurisdiction over actions concerning redistricting the House and Senate." Ill. Const. art. IV, § 3. This also shows Plaintiffs' lack of standing because they do not and cannot allege that an order in their favor against the Board or its Members would redress their alleged injuries. *Lujan*, 504 U.S. at 561. For these reasons, Plaintiffs have not stated a viable equal protection claim.

### C. Plaintiffs Have Not Pled A Plausible Equal Protection Claim Against The Board Members.

If the Court reaches the merits of Plaintiffs' equal protection claim against the Board Members, it should dismiss it under Rule 8(a) and Rule 12(b)(6) for failure to state a plausible claim. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a). Section 1983 limits liability "for a defendant's personal acts or decisions." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Here, Plaintiffs have not alleged that the Board Members have taken any actions or made any decisions with regard to the 2021 Redistricting Plan. Plaintiffs instead rely on "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," but as the Supreme Court has held, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. With no substantive allegations against the Board Members, Plaintiffs have not stated a viable claim under Section 1983.

## CONCLUSION

Because Plaintiffs do not and cannot allege a viable claim against the State Board of Elections or its Members, Defendants respectfully request that this Court dismiss Plaintiffs' claims against them with prejudice.

July 16, 2021

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

*/s/ Mary A. Johnston*
Mary A. Johnston
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-3739

*Counsel for Defendants Illinois State
Board of Elections and Board Members*

6