**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE CONTRERAS, IRVIN FUENTES, ABRAHAM MARTINEZ, IRENE PADILLA, and ROSE TORRES, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 21 CV 3139 |
| | ) | |
| ILLINOIS STATE BOARD OF ELECTIONS, CHARLES W. SCHOLZ IAN K. LINNABARY, WILLIAM J. CADIGAN, LAURA K. DONAHUE, WILLIAM R. HAINE, WILLIAM M. MCGUFFAGE, KATHERINE S. O'BRIEN and CASSANDRA B. WATSON in their official capacities as members of the Illinois State Board of Elections, DON HARMON, in his official capacity as President of the Illinois Senate, and THE OFFICE OF THE PRESIDENT OF THE ILLINOIS SENATE EMANUEL CHRISTOPHER WELCH, in his official capacity as Speaker of the Illinois House of Representatives, and the OFFICE OF THE SPEAKER OF THE ILLINOIS HOUSE OF REPRESENTATIVES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| ANGELICA GUERRERO-CUELLAR, in her official capacity as Illinois State Representative for the 22nd District | ) ) ) | |
| | ) | |
| Petitioner/Defendant-Intervenor. | ) | |

**PETITIONER/DEFENDANT'S MOTION AND MEMORANDUM OF LAW TO
INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24**

NOW COMES Petitioner-Defendant, Angelica Guerrero-Cuellar (the "Representative") by

and through her attorney Veronica Bonilla-Lopez of Del Galdo Law Group, LLC, and moves to

intervene as a Defendant in this action pursuant to Federal Rule of Civil Procedure 24 and in support thereof states as follows:

## INTRODUCTION

The Representative is an Illinois State Representative for the 22nd District of Illinois which is home to a large Latino/a/x population and includes neighborhoods that surround Midway Airport. She seeks to intervene as a Defendant in this matter as of right for the following reasons: 1) the motion is timely; 2) the Representative has a significant interest to protect the rights of her constituents; 3) there exists the potential impairment of this interest in the disposition of this matter; and 4) the existing parties lack representation of the unique and specific interests of the 22nd District. In the alternative, the Representative moves to intervene by permission where: 1) the motion is timely; 2) the Representative raises a defense that shares common questions of law and fact to the main action; and 3) if the motion were denied, the Representative would be prejudiced.

## ARGUMENT

I.    <u>The Representative Should be Granted Leave to Intervene as of Right</u>

Federal Rule of Civil Procedure 24(a)(2) provides in relevant part that on timely motion, the court must permit anyone to intervene who: claims an interest relating to the … transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Accordingly, there is four-part test to intervention as of right: 1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action. *PAC for Middle America v. State Bd. of Elections*, 1995 WL 571893, *2, Case no. 95 C 827 (N.D. Ill. 1995) citing *Shea v. Angulo,* 19 F.3d 343, 346 (7th Cir.1994). A motion to intervene as a matter of right should not be dismissed unless it appears with certainty that the

intervenor is not entitled to relief under any set of facts. *Lake Investors Development Group, Inc. v. Egidi Development Group*, 715 F.2d 1256, 1258 (7th Cir. 1983).

a.  The Motion is Timely

Timeliness involves examining all of the circumstances of a case and is to be determined by the court in the exercise of its discretion. *Smith v. Board of Election Com'rs for City of Chgo.*, 103 F.R.D. 161, 163 (N.D. Ill. 1984) citing *NAACP v. New York*, 413 U.S. 345, 365–66, (1973). Four factors are considered to determine whether a motion to intervene is timely: (1) the length of time the intervenor knew or should have known of his or her interest in this case, (2) the prejudice to the original party caused by the delay, (3) the resulting prejudice to intervenor if the motion is denied, and (4) any unusual circumstances. It is a reasonableness standard: "potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *PAC*, 1995 WL 571893 *3 citing *Nissei Sangyo Am., Ltd. v. United States,* 31 F.3d 435, 438 (7th Cir.1994). The most important consideration is whether delay will prejudice the original parties to the case. *Id.*

The Representative's motion to intervene is timely. The Representative recently learned the census data was to be released Thursday August 12th and acted within reasonable time of such knowledge. While the deviation for the 22nd District is within constitutional range, there remains a concern as to any attempt to reconfigure the district lines as articulated in more detail below. Next, no prejudice to the original parties will occur by permitting the Representative to intervene as nothing affecting the substantive rights of the parties has occurred. The Representative intends to adopt the responsive pleading of the defendants in the case. In addition, the original complaint was filed on June 10, 2021, and an amended complaint was filed three weeks ago on July 28, 2021. See *PAC*, 1995 WL 571893 *4 (finding a motion to intervene filed three months after the Plaintiff's complaint to be timely). Deadlines to serve written discovery was set and expert discovery has been scheduled.

3

However, dispositive motions have yet to be filed. Further, prejudice will result if the Representative's motion to intervene is denied. See *Smith*, 103 F.R.D. at 163 (motion to intervene by registered voters not untimely where intervenors would be prejudiced if denied and parties were briefing summary judgment motions). The Representative has met all the factors to demonstrate her motion is timely.

        b.  <u>The Representative has a Substantial Legal Interest in the Case</u>

What constitutes an "interest" is defined broadly and is described as one which is "significantly protectable." *Lake Investors*, 715 F.2d at 1259. The complaint in this matter seeks a declaratory judgment that finds the redistricting map passed by the Illinois legislature to be malapportioned and further seeks injunctions prohibiting the calling, holding, or certifying of any future election on the enacted map, "plans." *Dkt.* 37, ¶2. Plaintiffs further request "the creation of representative and legislative plans…" *Id.* "[V]oting implicates fundamental rights which are integral to a democratic society. These include the right to associate with others for the common advancement of political beliefs and ideas. The right of qualified voters to associate with the political party of their choice through voting is central to our basic constitutional freedoms." *Smith*, 103 F.R.D. at 163 citing *Smith v. Board of Election Commissioners*, 587 F.Supp. 1136, 1146 (N.D. Ill. 1984). The Representative of the 22nd District has a significant interest in maintaining the current configuration of the map to protect her constituents' rights to a fair and reasonable opportunity to elect candidates of their choice and avoid dilution of Latino/a/x votes. See *PAC*, 1995 WL 571893 *1-3 (congressman elected for First Congressional District granted leave to intervene as of right in complaint for declaratory and injunctive relief alleging existing apportionment of First and Fourth Congressional Districts of the State of Illinois are unconstitutional and invalid).

        c.  <u>Impairment of the Legal Interest is Possible if Intervention is Denied</u>

An interest is considered "impaired when the decision of a legal question ... would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding." *PAC*,

1995 WL 571893 *2. The burden is minimal and can be satisfied if a determination in the action may result in potential stare decisis. *Id.* Here, a disposition that changes the configuration of the 22nd District is possible and would impair the Representative's significant interest in protecting her constituent's voting rights as described above. Therefore, the Representative has demonstrated an impairment to the legal interest at stake is possible if the motion to intervene were to be denied.

### d. The Parties do not Adequately Represent the same Interests

This requirement is satisfied, "if the applicant shows that representation of [her] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Lake Investors*, 715 F.2d at 1261 citing *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n. 10 (1972). The existing parties to the action do not adequately represent the same interests as that of the elected State Representative for the 22nd District. The Representative has a particular and unique interest to protect the voting power of the constituents of her District as discussed above. While the remaining parties have a more general interest and will not concern themselves with the 22nd District. In other words, any disposition or negotiated settlement that implicates the 22nd District will not be of any consequence to the current parties. The parties, accordingly, fail to adequately represent the same interests as that of the Representative.

## II. Alternatively, the Representative should be Permitted to Intervene

The Court has broad discretion in granting a motion to intervene under Rule 24(b)(2). *PAC* 1995 WL 571893 *3. In deciding whether to grant permissive intervention, the court must consider: (1) whether the petition was timely; (2) whether a common question of law or fact exists; and (3) whether granting the petition to intervene will unduly delay or prejudice the adjudication of the rights of the original parties. *Id.* citing *Southmark Corp.,* 950 F.2d 416, 419 (7th Cir. 1991); *HHB Ltd. Partnership v. Ford Motor Co.,* Case No. 92 C 3287, 1992 WL 348870, *1 (N.D.Ill.1992).

Timeliness has already been addressed and established as stated in I.a. of the argument section above. The remaining criteria are also met. The questions of law and fact presently before this Court are the same as those that would be raised by the Representative. Additionally, should the Representative be permitted to intervene, it would not prejudice the adjudication of the rights of the parties to this action or unduly delay the proceedings. As mentioned above the Representative would adopt the responsive pleading of the defendants. The progression of the case will not be affected. The motion to permissively intervene should be granted.

CONCLUSION

The Illinois State Representative should be granted leave to intervene in this matter as of right. She has a substantial interest in the matter and has met all the criteria for intervention under Federal Rule of Civil Procedure 24(a)(2). In the alternative, the Court should allow permissive intervention under 24(b).

WHEREFORE, the Representative prays this Court enter an order granting leave to intervene as of right or as permitted and grant any such other relief this Court deems just and equitable.

Respectfully Submitted,

ANGELICA GUERRERO-CUELLAR

By: */s/ Veronica Bonilla-Lopez*
     Veronica Bonilla-Lopez
     *One of the Petitioner- Defendant's Attorneys*

Veronica Bonilla-Lopez (ARDC# 6281050)
Tiffany Nelson-Jaworski (ARDC #6278126)
DEL GALDO LAW GROUP, LLC
(708) 222-7000 (t)/ (708) 222-7001 (f)
1441 S. Harlem Avenue
Berwyn, Illinois 60402
vblopez@dlglawgroup.com