IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE CONTRERAS, et al., | ) |
| | ) Case No. 1:21-cv-03139 |
| Plaintiffs, | ) |
| | ) Circuit Judge Michael B. Brennan |
| v. | ) Chief Judge Jon E. DeGuilio |
| | ) Judge Robert M. Dow, Jr. |
| ILLINOIS STATE BOARD OF | ) |
| ELECTIONS, et al. | ) Three-Judge Court |
| | ) Pursuant to 28 U.S.C. § 2284(a) |
| Defendants. | ) |
| | ) |

**DEFENDANTS WELCH, OFFICE OF THE SPEAKER, HARMON, OFFICE
OF THE PRESIDENT'S RULE 12(B) MOTION TO DISMISS PLAINTIFFS'
AMENDED COMPLAINT**

Defendants Emanuel Christopher Welch, Office of the Speaker of the Illinois
House of Representatives, Don Harmon, and Office of the President of the Illinois
Senate (collectively "the Presiding Officer Defendants"), by their attorneys,
respectfully request that this Court dismiss Plaintiffs' Amended Complaint in
accordance with Federal Rule of Civil Procedure 12(b). In support, the Presiding
Officer Defendants state as follows.

## Introduction

Plaintiffs' Amended Complaint asks this Court to find the Illinois legislative
redistricting plan that became effective on June 4, 2021 unconstitutional for the sole
reason that the Illinois General Assembly used the U.S. Census Bureau's American
Community Survey ("ACS") data rather than (at the time) unavailable 2020 final U.S.
Census Bureau P. L. 94-171 data ("census data") in creating the plan. *See* Dkt. No.
37 ("Am. Compl"), ¶¶ 55-57. The allegations are largely the same as in the original

Complaint. This Court should dismiss Plaintiffs' claims because they fail to plead standing because they have not adequately alleged that they reside in districts that violate the Equal Protection Clause.

## Argument

I. **Plaintiffs' Amended Complaint Fails to Allege that Plaintiffs Have Standing to Challenge the Redistricting Plan on One-Person, One-Vote Principles.**

In challenging the current redistricting plan, Plaintiffs allege that *any* plan relying on ACS's five-year population estimates from 2015 through 2019 is *per se* unconstitutional in violation of the Equal Protection Clause's one-person, one-vote principle. According to Plaintiffs, this alleged unconstitutionality arises because the use of ACS data is destined to result in population deviations between districts when compared to the then-unreleased official census data. Am. Compl., ¶¶ 3-4.

In their Amended Complaint, Plaintiffs allege Plaintiff Contreras lives in Representative District 60, Plaintiff Fuentes lives in Representative District 1, Plaintiff Martinez lives in Representative District 86, Plaintiff Padilla lives in Representative District 6, and Plaintiff Torres lives in Representative District 6. *Id.* ¶¶ 10-14. The Amended Complaint alleges each Plaintiff "lives in a district which is malapportioned under the 2010 decennial census data and, on information and belief, is malapportioned under the 2020 decennial census data. As a result of this malapportionment, [Plaintiff's] vote in the 2022 general election will be diluted." *Id.* Nowhere in the Amended Complaint do Plaintiffs allege the population for Plaintiff's

district under Public Act 102-0010, or how that population deviates from any other district in an unconstitutional manner.

The three-part test for Article III standing requires that a plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The Supreme Court has also concluded that "[t]he right to vote is 'individual and personal in nature,' [ ] and that 'voters who allege facts showing disadvantage to *themselves* as individuals have standing to sue' to remedy that disadvantage[.]" *Gill v. Whitford*, 138 S.Ct. 1916, 1929 (2018) (emphasis added) (quoting *Reynolds* v. *Sims,* 377 U.S. 533, 561 (1964) and *Baker v. Carr*, 369 U. S. 186, 206 (1962)). Plaintiffs bear the burden of proof that they meet standing requirements. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 865 (7th Cir. 1996).

Plaintiffs' Complaint fails to satisfy Federal Rule of Procedure 8(a)(2), which provides that a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has stated, "the

3

one-person, one-vote rule is relatively easy to administer as a matter of math." *Rucho v. Common Cause*, S. Ct. 2484, 2501 (2019). The Amended Complaint, however, is lacking in any such math.

As a result, Plaintiffs have failed to plead standing to bring this claim because they have not alleged that they suffered any concrete injury in fact, nor have they alleged that Defendants' actions resulted in any "disadvantage to themselves as individuals" sufficient to confer Article III standing. Specifically, Plaintiffs have failed to allege they live in districts that violate their one-person, one-vote rights.

For example, in *Gill*, individual Wisconsin voters challenged the redistricting plan approved by the Wisconsin legislature. 138 S.Ct. at 1923. The Supreme Court recognized that some of the *Gill* plaintiffs alleged the necessary personal injury, but "never followed up with the requisite proof." *Id*. The requisite proof went to Plaintiffs' standing. The Court reasoned that a person's right to vote is "individual and personal in nature," meaning that any alleged threat to it requires an "injury [that] is district specific." *Id*. Vote dilution occurs on a district level, and allegations of a "statewide injury" does not suffice. *Id*. at 1930.

Plaintiffs' Amended Complaint was filed prior to Census Bureau's release of the 2020 official census data on August 12, 2021, on the hope that a cause of action would emerge. This Court should require Plaintiffs to plead with specificity the population of each Plaintiffs' District, and how (or if) that population deviates in an unconstitutional manner.

1042768\308895381.v1

## Conclusion

WHEREFORE, for the reasons stated, the Presiding Officer Defendants respectfully request this Court dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b).

Dated: <u>August 19, 2021</u>

Respectfully submitted,

<u>*/s/Adam R. Vaught*</u>

Michael J. Kasper
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312) 704-3292
mjkasper60@mac.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Devon C. Bruce
Power Rogers, LLP
70 W. Madison St., Suite 5500
Chicago IL, 60606
(312) 236-9381
dbruce@powerrogers.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Sean Berkowitz
Latham & Watkins
330 N. Wabash, Suite 2800
Chicago, IL 60611
(312) 777-7016
sean.berkowitz@lw.com
*Counsel for Defendants Harmon, and Office of the President*

Adam R. Vaught
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
(312) 704-3000
avaught@hinshawlaw.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Heather Wier Vaught
Heather Wier Vaught, P.C.
106 W. Calendar Ave, #141
LaGrange, IL 60625
(815) 762-2629
heather@wiervaught.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2021, I electronically filed the above Defendants Welch, Office of the Speaker, Harmon, Office of the President of the Illinois Senate's Rule 12(B) Motion to Dismiss Plaintiffs' Amended Complaint, with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By: */s/Adam R. Vaught*