**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIE CONTRERAS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:21-cv-3139 |
| | ) | |
| v. | ) | Circuit Judge Michael B. Brennan |
| | ) | Chief District Judge Jon E. DeGuilio |
| ILLINOIS STATE BOARD OF | ) | District Judge Robert M. Dow, Jr. |
| ELECTIONS, *et al.*, | ) | |
| | ) | Three-Judge Court |
| Defendants. | ) | Pursuant to 28 U.S.C. § 2284(a) |
| | ) | |

**DEFENDANTS ILLINOIS STATE BOARD OF ELECTIONS AND ITS MEMBERS'**
**RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendants, the Illinois State Board of Elections (the "Board"), Charles W. Scholz[1], Ian K. Linnabary, William M. McGuffage, William J. Cadigan, Katherine S. O'Brien, Laura K. Donahue, Cassandra B. Watson, and William R. Haine[2] (collectively the "Board Members"), in their official capacities as members of the Illinois State Board of Elections, by their attorney, Kwame Raoul, Attorney General of Illinois, in response to Plaintiffs' Motion for Summary Judgment state as follows:

**<u>INTRODUCTION</u>**

The Illinois Constitution requires that the Legislative and Representative District maps be redrawn every ten years in the year after each decennial census. ECF No. 37 at ¶ 2; ECF No. 65 at 1. In May 2021 the Illinois General Assembly enacted a legislative redistricting plan, which was signed into law on June 4, 2021. ECF No. 65 at 1. This map was based on American Community

---

[1] On July 1, 2021, Member Charles W. Scholz was replaced with Rick S. Terven, and Member Katherine S. O'Brien was replaced with Catherine S. McCrory. Because Members Scholz and O'Brien were named in their official capacity, the new members were automatically substituted as the appropriate defendants pursuant to Federal Rule of Civil Procedure 25(d).

[2] Member Haine passed away on August 16, 2021.

Survey ("ACS") data instead of the decennial census data. *Id.* Plaintiffs allege that the redistricting plan signed into law on June 4, 2021 is malapportioned and violates their rights under the equal protection and due process clauses of the Fourteenth Amendment. *See generally* ECF Nos. 37 & 65.

After Plaintiffs filed their motion for summary judgment, the General Assembly reconvened and passed a new map based on the decennial census data. *See* ECF No. 72 at ¶ 1. The parties generally believe that the new map will be signed into law in the coming weeks. *Id.*

Plaintiffs have named the Illinois State Board of Elections and the individual Board Members in their official capacities as defendants based on their erroneous belief that the Board and Board Members must be enjoined from holding elections based on the current map. However, as the Board and Board Members explained in their pending motion to dismiss Plaintiffs' amended complaint and supporting memorandum (ECF Nos. 40 & 41), Plaintiffs' claims against them are not viable. Plaintiffs' claims against the Board are barred by the Eleventh Amendment, and the Board itself is not a person subject to liability under 42 U.S.C. § 1983. Further, Plaintiffs lack Article III standing against the individual Board Members and have failed to state any viable claims against the individual Board Members. Finally, Plaintiffs are not entitled to any injunctive relief against the Board Members. Because Plaintiffs cannot state any viable claims against the Board or Board Members, they are not entitled to summary judgment and their motion should be denied.

## LEGAL STANDARD

A party is entitled to summary judgment "where there are no issues of material fact and the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). This standard places the initial burden on the moving party to

identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

Subject matter jurisdiction is an essential element of any case and a "[i]f a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As such, a plaintiff cannot be entitled to judgment as a matter of law if the court does not have subject matter jurisdiction over the case. *See id.*

## ARGUMENT

Plaintiffs' Rule 56.1 statement of facts does not provide any additional information about the Board or Board Members beyond what was included in the Amended Complaint. *See* ECF Nos. 37 & 66. Further, Plaintiffs' memorandum in support of their motion for summary judgment only references the Board and Board Members in the context of enjoining them from conducting any elections based on the redistricting map that is now moot. *See* ECF No. 65 at 12. As the State Board and Board Members discussed in their motion to dismiss Plaintiffs' amended complaint, Plaintiffs have not stated viable claims against any of the Board Defendants. *See* ECF No. 41 at 3-7. Because Plaintiffs have not added additional factual support to their underlying allegations, Plaintiffs are not entitled to summary judgment for the same reasons their Amended Complaint should be dismissed.

## I. PLAINTIFFS' CLAIMS AGAINST THE BOARD ARE BARRED BY THE ELEVENTH AMENDMENT.

The Eleventh Amendment prohibits suits against a state without the state's consent. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989). It is long-established that this protection is extended to state agencies such as the Board. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by

the Eleventh Amendment." *Id.* at 100. Because no exceptions to Eleventh Amendment immunity apply here, Plaintiffs are not entitled to judgment against the Board as a matter of law.

## II.   PLAINTIFFS ARE NOT ENTITLED TO JUDGMENT AGAINST THE STATE BOARD OR BOARD MEMBERS.

### A.   The State Board of Elections Is Not A "Person" That Is Subject To Suit Under 42 U.S.C. § 1983.

Plaintiffs allege that the Board has violated the equal protection clause of the Fourteenth Amendment and seek relief under 42 U.S.C. § 1983. ECF No. 37 at Count I. As discussed, Plaintiffs' claims against the Board are barred by the Eleventh Amendment. However, even if their claims against the Board were not barred, Plaintiffs cannot bring a Section 1983 claim against the Board. A claim under Section 1983 can be brought only against a "person" who acts under color of state law and deprives another person of his or her rights. *See* 42 U.S.C. § 1983. But neither a state, nor its agencies as arms of the state, are "persons" subject to suit under Section 1983. *Will*, 491 U.S. at 71 (holding that a state is not a "person" under Section 1983). Because the Board is not a "person" under Section 1983, Count I of Plaintiffs' Complaint fails as to the Board and Plaintiffs are not entitled to summary judgment against the Board.

### B.   Plaintiffs Are Not Entitled To Summary Judgment Because They Lack Standing to Bring Their Claims Against the Board or the Board Members.

Plaintiffs have not established that the Board or Board Members' actions have caused any alleged injury. "Article III restricts the judicial power to actual 'Cases' and 'Controversies,' a limitation understood to confine the federal judiciary to the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury." *Ezell v. City of Chicago*, 641 F.3d 684, 694–95 (7th Cir. 2011). Accordingly, a plaintiff lacks standing unless (1) "the plaintiff suffers an actual or impending injury;" (2) "the injury is caused by the defendant's acts;" and (3) "a judicial decision in the plaintiff's favor would redress the injury." *Id.* (internal

quotations omitted). This "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998) (footnote omitted). A plaintiff must establish each element of Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Plaintiffs here have not satisfied the causation requirement because they have not established a causal connection between the alleged injury that is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 650 (1992). Plaintiffs also have not established that the Board Members can offer any relief to redress their alleged injuries or that their claims are concrete and imminent and not speculative.

The only allegations or factual statements that relate to the Board or its Members simply identify the Board as the entity that oversees and regulates public elections in Illinois and name the individual Board Members. ECF No. 37 at ¶¶ 15-23; ECF No. 66 at ¶¶ 6-14. Plaintiffs do not allege or present facts that prove that the Board or its Members have taken any specific actions, let alone any actions that injured Plaintiffs. *See* ECF Nos, 37, 66, 67. Without establishing any connection between the Board or Board Members' actions and Plaintiffs' alleged injury, Plaintiffs have "fail[ed] to show a nexus between the alleged violations and their claimed injury." *Paher v. Cegavske*, Case No. 3:20-cv-00243, 2020 WL 2748301 (D. Nev. May 27, 2020). Other than merely identifying the Board and its Members and speculating about what they may do in the future, every factual assertion in Plaintiffs' motion for summary judgment refers to alleged conduct of other individuals. Because Plaintiffs have failed to sufficiently establish that any activity fairly traceable to the Board or Board Members caused any injury, "they fall short in their attempt to establish standing." *Hope, Inc. v. DuPage County, Ill.*, 738 F.2d 797, 807–808 (7th Cir. 1984).

Moreover, Plaintiffs cannot satisfy the Article III "case-or-controversy" requirement because they cannot receive any requested relief from the Board. The Board has no authority over redistricting. The Illinois Constitution gives the Illinois Supreme Court "exclusive jurisdiction over actions concerning redistricting the House and Senate." Ill. Const. art. IV, § 3. As such, Plaintiffs do not and cannot allege that an order in their favor against the Board or its Members would redress their alleged injuries. *Lujan*, 504 U.S. at 561. Further, declaratory judgment is also inappropriate because the Board Members do not have an adverse legal interest to any Plaintiffs. *See MedImmune, Inc. v. Grenetech, Inc.*, 549 U.S. 118, 127 (2007) (explaining that suits for declaratory judgment must satisfy the Article III case-or-controversy requirement).

Moreover, Plaintiffs seek injunctive relief against the Board Members preventing them from conducting an election based on the allegedly unconstitutional, and now likely moot, June 4, 2021 map. ECF No. 65 at 13. To be ripe, a claim must point to an alleged injury that is "actual and imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560. However, Plaintiffs' allegations supporting their request for injunctive relief against the Board Members are speculative; they rely on the assumption that if this Court finds that a future redistricting is deemed unconstitutional, the Board Members will still conduct an election in approximately ten months based on a plan this Court deems unconstitutional. Thus, Plaintiffs' allegations are purely speculative and not ripe for review. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967) (ripeness requirement "prevent[s] the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements"). Plaintiffs have provided no reason to believe that the Board will violate any orders entered in this case, and this Court should presume that the Board Members will properly discharge their official duties. *See U.S. v. Lee*, 502 U.S. 691, 697 (7th Cir. 2007) (it is presumed that the official acts of public officers will be discharged

properly). For these reasons, Plaintiffs lack standing to bring their claims against the Board or its Members.

###     C.     Plaintiffs Are Not Entitled To Summary Judgment Against The Board Members On Their Equal Protection Claim.

Finally, Plaintiffs' equal protection claim against the Board Members fails. As noted in Defendants' motion to dismiss, Section 1983 limits liability to "a defendant's personal acts or decisions." ECF No. 41 at 7, citing *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Here, Plaintiffs have not alleged, much less presented facts showing that the Board Members have taken any personal or official actions or made any decisions with regard to the 2021 redistricting process. Accordingly, Plaintiffs are not entitled to summary judgment on their equal protection claim.

## <u>CONCLUSION</u>

Because the undisputed facts show that Plaintiffs do not and cannot state viable claims against the State Board of Elections or its Members, Defendants respectfully request that this Court deny Plaintiffs' Motion for Summary Judgment and dismiss the claims against them.

September 10, 2021                                 Respectfully submitted,

                                                          KWAME RAOUL
                                                          Attorney General of Illinois

                                                           */s/ Mary A. Johnston*
                                                          Mary A. Johnston
                                                          Office of the Illinois Attorney General
                                                          100 West Randolph Street
                                                          Chicago, Illinois 60601
                                                          (312) 814-4417
                                                          Mary.johnston@ilag.gov

                                                          *Counsel for Defendants Illinois State*
                                                          *Board of Elections and its Members*