IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE CONTRERAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS STATE BOARD OF ELECTIONS, et al. <br><br> Defendants. | Case No. 1:21-cv-03139 <br><br> Circuit Judge Michael B. Brennan <br> Chief Judge Jon E. DeGuilio <br> Judge Robert M. Dow, Jr. <br><br> Three-Judge Court <br> Pursuant to 28 U.S.C. § 2284(a) |

### DEFENDANTS WELCH, OFFICE OF THE SPEAKER, HARMON, OFFICE OF THE PRESIDENT OF THE ILLINOIS SENATE'S REPLY IN SUPPORT OF THEIR RULE 12(B) MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants Emanuel Christopher Welch, Office of the Speaker of the Illinois House of Representatives, Don Harmon, and Office of the President of the Illinois Senate, by their attorneys, respectfully reply in support of their Rule 12(b) Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. #55 ("Mot.")).

## Introduction

Plaintiffs' Amended Complaint alleges the Illinois legislative redistricting plan that became effective on June 4, 2021 ("the June Plan") violates the Constitution's one person, one vote requirement. Defendants have moved to dismiss arguing Plaintiffs' Amended Complaint fails to allege standing on the part of any plaintiff. Mot. 2-4.

On August 31, 2021, the General Assembly convened and passed an amended plan that incorporated the official data released from the United States Census Bureau on August 12, 2021 ("the Current Plan"). Plaintiffs have conceded the Current

Plan has fixed the one person, one vote issues alleged in the Amended Complaint. *See* Hr'g Tr. (Sept. 1, 2021) at 17:22-23 ("the malapportionment issues seem to have been addressed.").

Despite the Current Plan, Plaintiffs ask this Court to deny Defendants' Motion to Dismiss the Amended Complaint. This Court should grant the motion because the Amended Complaint is moot and Plaintiffs' Amended Complaint fails to allege standing by any Plaintiff. For these reasons, Defendants respectfully request this Court grant their Motion to Dismiss without prejudice.

**Argument**

**I. Plaintiffs' Amended Complaint is Moot.**

Plaintiffs' Amended Complaint is based on purported unconstitutional population deviations in the June Plan. *See*, Dkt. #37. On August 31, 2021, the General Assembly passed the Current Plan that amended the redistricting plan to incorporate the Census Bureau's official data that was released on August 12, 2021.[1]

The Current Plan, once signed by the Governor, will moot Plaintiffs' Amended Complaint on the June Plan. In one person, one vote cases, the way to vindicate an individual plaintiff's right to an equally weighted vote may be through a wholesale "restructuring of the geographical distribution of seats in a state legislature." *Gill v. Whitford*, 138 S. Ct. 1916, 1930 (2018), quoting *Reynolds v. Sims*, 377 U. S. 533, 561 (1964). Here, however, that restructuring already has occurred through the Current

---

[1] https://www.ilga.gov/legislation/BillStatus.asp?DocNum=927&GAID=16&DocTypeID=SB&LegId=133554&SessionID=110&GA=102

Plan. Plaintiffs have even conceded that their "malapportionment" charge has been cured, thereby admitting the harm they allege has been remedied. Hr'g Tr. (Sept. 1, 2021) at 17:22-23. The Amended Complaint is therefore moot and should be dismissed.

**II.     Plaintiffs' Response Does Not Cure the Amended Complaint's Failure to Plead Standing.**

The Supreme Court has concluded "[t]he right to vote is 'individual and personal in nature,' [ ] and that 'voters who allege facts showing disadvantage to *themselves* as individuals have standing to sue' to remedy that disadvantage[.]" *Gill*, 138 S.Ct. at 1929 (emphasis added) (quoting *Reynolds,* 377 U. S. at 561 and *Baker v. Carr*, 369 U. S. 186, 206 (1962).

Defendants' Motion argues Plaintiffs have failed to plead standing because the Amended Complaint does not allege any plaintiff suffered any injury, in fact, nor does it allege Defendants' actions resulted in any disadvantage to Plaintiffs as individuals sufficient to confer Article III standing. Mot. at 2-4. Specifically, the Motion argues, Plaintiffs have failed to allege they live in districts that violate their one-person, one-vote rights. *Id.* at 4.

In response, Plaintiffs do not cite to their Amended Complaint to argue they have sufficiently pleaded they have standing. Instead, Plaintiffs argue that *Gill* does not apply to this case because *Gill* "is not even a malapportionment case." Resp. at 4. Plaintiffs argue that even if *Gill* did apply it "undermines Legislative Defendants' arguments. In *Gill*, the Supreme Court reversed a district court's ruling—after trial—

3

that Plaintiffs had an injury sufficient to confer Article III standing." *Id*. (emphasis in original omitted). This reads *Gill* too narrowly.

*First*, in *Gill*, "[t]he plaintiffs argue[d] that their claim of statewide injury is analogous to the claims presented in *Baker* and *Reynolds*, which they assert were 'statewide in nature' because they rested on allegations that 'districts *throughout a state* [had] been malapportioned.'" *Gill*, 138 S. Ct. at 1930 (emphasis in original). Thus, contrary to Plaintiffs' argument, the plaintiffs in *Gill* very much presented their claim as similar to a one person, one vote claim by relying on *Baker* and *Reynolds* (the seminal cases establishing the one person, one vote requirement).

Second, Plaintiffs are correct that *Gill* found standing was lacking after trial, but Plaintiffs ignore that the *Gill* plaintiffs pleaded standing. The Court said the plaintiffs "*pleaded* a particularized burden along such [district] lines" (*id*. at 1931 (emphasis added)) but the testimony at trial failed to establish an individual harm (*id*. at 1933). The Court stated that "[t]he facts necessary to establish standing, however, *must not only be alleged at the pleading stage*, but also proved at trial." *Id*. at 1931, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (emphasis added).

In this case, unlike in *Gill*, Plaintiffs have failed to plead standing. Plaintiffs should be required to plead which districts are being challenged, why, and how the Plaintiff (or Plaintiffs) challenging the district has standing. As this Court has stated, a complaint alleging such facts is necessary "so that the panel and the parties can readily identify the bases for any challenges to the operative proposed map and assess

4

whether those challenges arise under the federal or state constitution or under the Voting Rights Act." Dkt. #72 at. 1. The Court explained that "[t]he need to create a clear record for appellate review and for the parties and the panel to have an easily accessible and comprehensible road map to the issues to be litigated on an expedited basis support the panel's insistence that the parties advance their claims and defenses through formal pleadings." *Id.*

As the Amended Complaint currently stands, Plaintiffs challenge all districts in the June 4, 2021 redistricting plan. Mot. at 4. It is obviously impossible that all districts violate the one person, one vote rule—inevitably at least *one* district must be underpopulated to create overpopulated districts. Defendants are entitled to know what specific districts Plaintiffs are challenging and why.

As a result, this Court should dismiss Plaintiffs' Amended Complaint. Defendants' Motion asked this Court to dismiss the Amended Complaint with prejudice. This Court also stated, however, "as any dismissal order likely would be issued without prejudice in view of the potential for different claims to be advanced challenging the revised map[.]" *Id.* Plaintiffs should be granted leave to clearly plead facts that establish (1) the district being challenged; (2) under what legal theory the district is being challenged; and (3) and how the Plaintiff challenging the district has standing.

## Conclusion

WHEREFORE, for the reasons stated, the Presiding Officer Defendants respectfully request this Court dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b).

Dated: September 17, 2021

Respectfully submitted,

/s/ Adam R. Vaught

| | |
|---|---|
| Michael J. Kasper<br>151 N. Franklin Street<br>Suite 2500<br>Chicago, IL 60606<br>(312) 704-3292<br>mjkasper60@mac.com | Adam R. Vaught<br>Hinshaw & Culbertson LLP<br>151 North Franklin Street, Suite 2500<br>Chicago, IL 60606<br>(312) 704-3000<br>avaught@hinshawlaw.com |
| *Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President* | *Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President* |
| Devon C. Bruce<br>Power Rogers, LLP<br>70 W. Madison St., Suite 5500<br>Chicago IL, 60606<br>(312) 236-9381<br>dbruce@powerrogers.com | Heather Wier Vaught<br>Heather Wier Vaught, P.C.<br>106 W. Calendar Ave, #141<br>LaGrange, IL 60625<br>(815) 762-2629<br>heather@wiervaught.com |
| *Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President* | *Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President* |

Sean Berkowitz
Latham & Watkins
330 N. Wabash, Suite 2800
Chicago, IL 60611
(312) 777-7016
sean.berkowitz@lw.com
*Counsel for Defendants Harmon, and Office of the President*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2021, I electronically filed the above Defendants Welch, Office of the Speaker, Harmon, Office of the President of the Illinois Senate's Reply in Support of their Rule 12(B) Motion to Dismiss Plaintiffs' Amended Complaint, with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By: /s/ *Adam R. Vaught*

1042768\309107447.v1