# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE CONTRERAS, IRVIN FUENTES, ABRAHAM MARTINEZ, IRENE PADILLA, and ROSE TORRES<br><br>                Plaintiffs,<br><br> v.<br><br>ILLINOIS STATE BOARD OF ELECTIONS, CHARLES W. SCHOLZ, IAN K. LINNABARY, WILLIAM J. CADIGAN, LAURA K. DONAHUE, WILLIAM R. HAINE, WILLIAM M. MCGUFFAGE, KATHERINE S. O'BRIEN, and CASANDRA B. WATSON in their official capacities as members of the Illinois State Board of Elections, DON HARMON, in his official capacity as President of the Illinois Senate, and THE OFFICE OF THE PRESIDENT OF THE ILLINOIS SENATE, EMANUEL CHRISTOPHER WELCH, in his official capacity as Speaker of the Illinois House of Representatives, and the OFFICE OF THE SPEAKER OF THE ILLINOIS HOUSE OF REPRESENTATIVES,<br><br>                Defendants. | Case No. 1:21-cv-3139 |

**DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**

| | |
|---|---|
| **PROPOUNDING PARTY**: | Julie Contreras, et al. |
| **RESPONDING PARTY**: | Emanuel Christopher Welch, Office of the Speaker of the Illinois House of Representatives, Don Harmon, Office of the President of the Illinois Senate |
| **SET NUMBER**: | Two (Nos. 1-25) |

## PRELIMINARY STATEMENT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Don Harmon, in his official capacity as President of the Illinois Senate, the Office of the President of the Illinois Senate, Emanuel Christopher Welch, in his official capacity as Speaker of the Illinois House of Representatives, and the Office of the Speaker of the Illinois House of Representatives ("Defendants"), by and through their counsel, hereby submit the following supplemental responses and objections to Plaintiffs Second Set of Requests for Production, dated September 13, 2021.

The responses set forth below are based upon a reasonable and diligent search of the information and documents presently in the possession of Defendants, and except for explicit acts stated herein, no incidental or implied admissions are intended. These responses are provided without prejudice to Defendants' right to modify, amend or supplement these responses if additional facts or information come to its attention in the course of Defendants' continuing investigation. This reservation, however, is not to be construed as an undertaking by Defendants of an affirmative duty to change or supplement these responses, except as otherwise required by law or the Federal Rules of Civil Procedure. The fact that Defendants have responded to one or more of the Requests is not intended and shall not be construed as a waiver of all or any part of any objection to any such Request. By making these responses, Defendants do not concede that the information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence.

## GENERAL OBJECTIONS

1.      Defendants object to the definitions and instructions set forth in the Requests on the grounds that those definitions and instructions call for a legal conclusion or purport to impose

obligations on Defendants that exceed the obligations imposed upon a responding party under the Federal Rules of Civil Procedure and/or other applicable law.

2.       Defendants further object to the Requests on the grounds that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, legislative privilege, the common interest privilege, the protections afforded by Federal Rule of Civil Procedure 26(b)(4)(B) and/or any other applicable privilege, doctrine or protection.

3.       Defendants further object to the Requests on the grounds that they are unduly burdensome, vague, ambiguous and/or incapable of reasonable ascertainment.

4.       Defendants further object to the Requests on the grounds that they are overly broad, seek information not reasonably limited in time or scope and/or would require undue expense to answer.

5.       Defendants further object to the Requests on the grounds that they seek information that is not relevant to the claims pleaded in the currently operative First Amended Complaint or the defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, and/or would not be admissible at trial.

6.       Defendants further object to the Requests on the grounds that they assume facts not in evidence and/or facts that do not exist or are otherwise incorrect.

7.       Defendants further object to the Requests on the grounds that they seek information which is equally available to Plaintiffs in the public domain or available from sources other than Defendants, or that is equally available to or already in the possession, custody or control of Plaintiffs or their attorneys and for which the burden on Plaintiffs to obtain the information is no greater than the burden on Defendants.

8.     Defendants further object to the Requests on the grounds that they are cumulative and/or duplicative.

9.     Defendants further object to the Requests on the grounds that they seek information and identification of facts not in the possession, custody or control of Defendants and/or in the possession, custody or control of non-parties.

10.     Defendants further object to the Requests on the grounds that they seek the confidential information of third parties that Defendants is under an obligation to not disclose.

11.     Defendants further object to the Requests on the grounds that they purport to require production of "all" documents under circumstances in which a subset of all documents would be sufficient to show the relevant information, on the grounds that such requests for production of "all" documents are overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendants cannot, and do not, represent that they will or can locate and produce "all" requested documents following a reasonable search for responsive documents in their possession, custody or control.

12.     Defendants interpret each Request as intending to exclude from its scope correspondence between Defendants' personnel or representatives and their counsel.  If this interpretation is not correct, Defendants object to identifying and/or producing such correspondence on the grounds of the attorney-client privilege, attorney work product, and that such identification or production is not reasonably likely to lead to the discovery of admissible evidence and poses undue burden and expense.

13.     Defendants further object to the Requests on the grounds that they seek confidential information.  Such information, to the extent it is not privileged or otherwise objectionable, will be provided pursuant to protective order.

14.     No response to these Requests by Defendants shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and any information provided by Defendants shall be made without in any way waiving or intending to waive any objection thereto, including but not limited to relevance, privilege or admissibility.

15.     Any response stating that Defendants will produce responsive documents does not indicate that such documents in fact exist but only that Defendants will produce—subject to and without waiving its other objections—such non-privileged, non-work product documents in their possession, custody, and/or control as may be located after a reasonable, good faith search, without undue burden, and in accordance with the response.

16.     Defendants assume that any reference to "redistricting" refers to (i) redistricting of Illinois state Legislative and Representative Districts, and not federal Congressional redistricting; and (ii) the redistricting process related to the amendment of Public Act 102-0010 that was passed by the General Assembly on August 31, 2021 as Senate Bill 927.

17.     Defendants object to the extent that any Request does not relate to any claim or allegation in the currently operative First Amended Complaint or defense thereto, is being used to investigate and develop claims and allegations for Plaintiffs' forthcoming Second Amended Complaint, and/or does not relate to any claim or allegation in Plaintiffs' forthcoming Second Amended Complaint or any defense thereto.

18.     Defendants expressly reserves the right to modify, amend or supplement their responses to the Requests, including expressly in response to Plaintiffs' expected forthcoming Second Amended Complaint.

19.     Defendants object to the extent any request seeks "election results" because such results are publically available and therefore equally available to all parties, and will, pursuant to

the parties' September 22, 2021 meet and confer, respond to such requests by identifying the relevant elections.

20.     Any response, objection, or production made in these supplemental responses relates only to the list of priority districts identified by Plaintiffs on September 22, 2021.

21.     Each of the foregoing General Objections shall be deemed to apply to Defendants' specific objections and responses set forth below, notwithstanding the fact that Defendants have responded to all or part of any Request.

### OBJECTIONS TO DEFINITIONS

1.     Defendants object to each paragraph of the "Definitions" section to the extent the definitions purportedly set forth therein would: (a) expand the definition of a term beyond its ordinary use in the English language; (b) create an undue burden for Defendants when propounding their responses and objections to the Interrogatories; and/or (c) impose obligations on Defendants that exceed, or are inconsistent with, the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Illinois, or other applicable law.

2.     Defendants object to the defined term "AGENT" as overbroad, vague, and ambiguous.

3.     Defendants object to the definition of "DOCUMENT" to the extent it calls for the production of any information subject to any privilege, including the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law.  Defendants also objects to the extent it requires the production of unduly burdensome discovery or items that are not reasonably calculated to lead to discovery of matter that is relevant to any party's claim or defense.  Defendant further objects to the extent it

seeks information outside of Defendants' "control" as defined by the Federal Rules and relevant case law.

4.       Defendants object to the definition of "DATASET" as overbroad, unduly burdensome, seeking information that is irrelevant to the subject matter at issue in this case, and not reasonably calculated to lead to discovery of matter that is relevant to any party's claim or defense, including because it is not limited to certain years or types of information.

5.       Defendants object to the defined term "S.B. 927 PLANS" as incorrect because Senate Bill 927 was passed by a majority of both chambers of the Illinois General Assembly on August 31, 2021.

## RESPONSES AND SPECIFIC OBJECTIONS

### REQUEST NO. 1:

Any and all documents referenced, described, or identified by you in your disclosures under Federal Rules of Civil Procedure, Rule 26, if they have not already been produced.

### RESPONSE TO REQUEST NO. 1:

Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law.  Defendants further object to the Defendants' Rule 26 disclosures that were made in reference to Plaintiffs' previous complaint, fact discovery on which has closed.  To the extent that this Request refers to initial disclosures that might be amended in response to any forthcoming second amended complaint, Defendants object to this Request as premature.  Subject to and without waiving the foregoing objections, and in addition to prior productions of relevant documents, Defendants provide publicly

available links (due to the volume of materials) to the following materials related to the creation

and passage of Senate Bill 927:

- 2020 Census (P.L. 94-171) Redistricting Data (https://www2.census.gov/programs-surveys/decennial/2020/data/01-Redistricting_File--PL_94-171/Illinois/)

- Senate Bill 927 (https://ilga.gov/legislation/102/SB/PDF/10200SB0927lv.pdf)

- House Resolution 443 (https://ilga.gov/legislation/102/HR/PDF/10200HR0443lv.pdf)

- Senate Resolution 3 of the 1st Special Session of the 102nd General Assembly (https://ilga.gov/legislation/102/SR/PDF/10201SR0003lv.pdf)

- Transcript of House Floor Debate on Senate Bill 927 and House Resolution 443 (https://ilga.gov/house/transcripts/htrans102/10201001.pdf)

- Transcripts of House Redistricting Committee Hearings (https://ilga.gov/house/committees/RedistrictingHearingsTranscripts.asp?CommitteeID=2800&Description=Redistricting%20Committee&Code=HRED&GA=102)

- Transcripts of Senate Redistricting Committee Hearings (https://ilga.gov/senate/committees/RedistrictingTranscripts.asp?CommitteeID=2742&Description=Redistricting&Code=SRED&GA=102)

- House Redistricting Plan Data Matrix (https://ilhousedems.com/redistricting/wp-content/uploads/2021/08/House-data.pdf)

- Senate Redistricting Plan Data Matrix (https://www.ilsenateredistricting.com/images/Matrix_For_Online_Data_Alone_-3_08312021.pdf)

- Written testimony submitted to the House Redistricting Committee (https://ilga.gov/house/committees/Redistricting%20Hearings.asp?CommitteeID=2800&Description=Redistricting%20Committee&Code=HRED&GA=102)

- Written testimony submitted to the Senate Redistricting Committee https://ilga.gov/senate/committees/Redistricting%20Hearings.asp?CommitteeID=2742&Description=Redistricting&Code=SRED&GA=102)

Defendants further agree to produce audio recordings, and/or transcripts where

applicable, of the General Assembly's hearings and debates related to the August Map, and

documents submitted by witnesses, when available.

**REQUEST NO. 2:**

Any and all documents referenced, identified, or described by you in response to Plaintiffs' second set of interrogatories.

**RESPONSE TO REQUEST NO. 2:**

Defendants incorporate their objections to Plaintiffs' Second Set of Interrogatories, served September 20, 2021. Defendants object to this Request to the extent that it seeks material that is overbroad, not reasonably limited in time or scope, not relevant to the claim or defense of any party, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants also object to this Request to the extent it is duplicative of other Requests.

Subject to and without waiving any foregoing objections, Defendants provide the following supplemental response: there are no documents responsive to this Request.

**REQUEST NO. 3:**

Any and all datasets, studies, or analyses you identify in response to Interrogatory No. 1.

**RESPONSE TO REQUEST NO. 3:**

Defendants incorporate their objections to Plaintiffs' Interrogatory No. 1, served September 20, 2021. Defendants object to this Request to the extent that it seeks material that is overbroad, not reasonably limited in time or scope, not relevant to the claim or defense of any party, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks information protected by the

attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants also object to this Request to the extent it is duplicative of other Requests, including Request No. 2.

Subject to and without waiving any foregoing objections, Defendants provide the following supplemental response: there are no documents responsive to this Request.

## REQUEST NO. 4:

Any and all datasets, studies, or analyses you identify in response to Interrogatory No. 3.

## RESPONSE TO REQUEST NO. 4:

Defendants incorporate their objections to Plaintiffs' Interrogatory No. 3, served September 20, 2021. Defendants object to this Request to the extent that it seeks material that is overbroad, not reasonably limited in time or scope, not relevant to the claim or defense of any party, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants also object to this Request to the extent it is duplicative of other Requests, including Request No. 2.

Subject to and without waiving any foregoing objections, Defendants provide the following supplemental response: there are no documents responsive to this Request.

## REQUEST NO. 5:

All documents relating to the development, creation, revision, or purpose of the S.B. 927 plans.

## RESPONSE TO REQUEST NO. 5:

Defendants object to this Request as overbroad and unduly burdensome for requesting "all" documents when a subset would be sufficient.  Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law.  Defendants further object to this Request as not relevant to any currently pleaded claims and therefore, as not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this Request as premature.  To the extent that Plaintiffs file a second amended complaint, to which information responsive to this Request would be relevant, Defendants are willing to meet and confer at that time regarding a supplemental response.  Subject to and without waiving the foregoing objections, Defendants respond that they have already produced documents relevant to this Request, the 2020 census geography data, voter registration data from the Illinois Board of Elections, and the shape files and block equivalency files for Senate Bill 927.  Defendant further respond with publicly available links (due to volume) to the following responsive materials:

- 2020 Census (P.L. 94-171) Redistricting Data (https://www2.census.gov/programs-surveys/decennial/2020/data/01-Redistricting_File--PL_94-171/Illinois/)

- Senate Bill 927 (https://ilga.gov/legislation/102/SB/PDF/10200SB0927lv.pdf)

- House Resolution 443 (https://ilga.gov/legislation/102/HR/PDF/10200HR0443lv.pdf)

- Senate Resolution 3 of the 1st Special Session of the 102nd General Assembly (https://ilga.gov/legislation/102/SR/PDF/10201SR0003lv.pdf)

- Transcript of House Floor Debate on Senate Bill 927 and House Resolution 443 (https://ilga.gov/house/transcripts/htrans102/10201001.pdf)

- Transcripts of House Redistricting Committee Hearings (https://ilga.gov/house/committees/RedistrictingHearingsTranscripts.asp?CommitteeID=2800&Description=Redistricting%20Committee&Code=HRED&GA=102)

- Transcripts of Senate Redistricting Committee Hearings ([https://ilga.gov/senate/committees/RedistrictingTranscripts.asp?CommitteeID=2742&Description=Redistricting&Code=SRED&GA=102](https://ilga.gov/senate/committees/RedistrictingTranscripts.asp?CommitteeID=2742&Description=Redistricting&Code=SRED&GA=102))

- House Redistricting Plan Data Matrix ([https://ilhousedems.com/redistricting/wp-content/uploads/2021/08/House-data.pdf](https://ilhousedems.com/redistricting/wp-content/uploads/2021/08/House-data.pdf))

- Senate Redistricting Plan Data Matrix ([https://www.ilsenateredistricting.com/images/Matrix_For_Online_Data_Alone_-3_08312021.pdf](https://www.ilsenateredistricting.com/images/Matrix_For_Online_Data_Alone_-3_08312021.pdf))

- Written testimony submitted to the House Redistricting Committee ([https://ilga.gov/house/committees/Redistricting%20Hearings.asp?CommitteeID=2800&Description=Redistricting%20Committee&Code=HRED&GA=102](https://ilga.gov/house/committees/Redistricting%20Hearings.asp?CommitteeID=2800&Description=Redistricting%20Committee&Code=HRED&GA=102))

- Written testimony submitted to the Senate Redistricting Committee [https://ilga.gov/senate/committees/Redistricting%20Hearings.asp?CommitteeID=2742&Description=Redistricting&Code=SRED&GA=102](https://ilga.gov/senate/committees/Redistricting%20Hearings.asp?CommitteeID=2742&Description=Redistricting&Code=SRED&GA=102))

Defendants further agree to produce audio recordings, and/or transcripts where applicable, of the General Assembly's hearings and debates related to the August Map, and documents submitted by witnesses, when available.

**REQUEST NO. 6:**

All documents relating to the development, creation, revision, or purpose of previous drafts of the S.B. 927 plans.

**RESPONSE TO REQUEST NO. 6:**

Defendants object to this as not relevant to any pleaded claims or reasonably calculated to lead to the discovery of admissible evidence to the extent it requests materials related to "drafts" of Senate Bill 927. Defendants further object to this request as overbroad and unduly burdensome, including because it requests "all" documents. Defendants also object to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. To the extent that Plaintiffs' file a second amended complaint, to which

information responsive to this Request would be relevant, Defendants are willing to meet and confer at that time regarding a supplemental response.

**REQUEST NO. 7:**

All documents or datasets relating to the demographic composition of each district.

**RESPONSE TO REQUEST NO. 7:**

Defendants object to this Request overbroad and unduly burdensome to the extent it seeks "all" documents or datasets related to "each" district, when Plaintiffs claims, if any, will be district-specific. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants further object to the extent that much of the requested information is publicly available. Subject to and without waiving the foregoing objections, Defendants respond that they have already produced documents responsive to this Request, including: the 2020 Census Bureau geography data, and the shape files and block equivalency files for Senate Bill 927. Defendants additionally identify the following materials which are responsive to this Request:

- 2020 Census (P.L. 94-171) Redistricting Data as responsive to this Request (https://www2.census.gov/programs-surveys/decennial/2020/data/01-Redistricting_File--PL_94-171/Illinois/).

- Senate Bill 927 (https://ilga.gov/legislation/102/SB/PDF/10200SB0927lv.pdf)

- House Resolution 443 (https://ilga.gov/legislation/102/HR/PDF/10200HR0443lv.pdf)

- Senate Resolution 3 of the 1st Special Session of the 102nd General Assembly (https://ilga.gov/legislation/102/SR/PDF/10201SR0003lv.pdf)

**REQUEST NO. 8:**

All documents or datasets relating to the partisan composition of each district.

**RESPONSE TO REQUEST NO. 8:**

Defendants object to this Request overbroad and unduly burdensome to the extent it seeks "all" documents or datasets related to "each" district, when Plaintiffs claims, if any, will be district-specific. Defendants also object to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants further object to the extent that much of the requested information is publicly available. Defendants also object to this Request because it calls for materials that could relate only to a partisan gerrymandering claim that is not judiciable in federal court.

**REQUEST NO. 9:**

All documents relating to datasets used, considered, evaluated or consulted in the creation, development, negotiation, or evaluation of the S.B. 927 plans, previous versions of the S.B. 927 plans, or other legislative redistricting plans not ultimately passed or enacted, including but not limited to documents relating to election data, or data relating to partisan affiliation or voting history.

**RESPONSE TO REQUEST NO. 9:**

Defendants incorporate their objections to Requests Nos. 5 and 6, and object to this Request as duplicative of Requests Nos. 5 and 6. Defendants further object to this Request to the extent it calls for materials that could relate only to a partisan gerrymandering claim that is not judiciable in federal court. Defendants direct Plaintiffs to their response to Requests Nos. 5 and 6 in response to this Request.

**REQUEST NO. 10:**

All documents relating to the retention of demographers or other individuals for purposes of creating the S.B. 927 plans.

**RESPONSE TO REQUEST NO. 10:**

Defendants object to this Request to the extent that it seeks information or material that is overly broad, not reasonably limited in time or scope, not relevant to the claim or defense of any party, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request because it calls for information protected by legislative privilege, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, or any other privilege or protection from disclosure provided by law. Subject to and without waiving the foregoing objections, Defendants respond that they have already produced documents relevant to this Request in previous productions. Subject to and without waiving the foregoing objections, Defendants agree to produce outstanding documents responsive to this Request that are within Defendants' possession, custody, or control, not privileged, and the production of which does not create an undue burden.

**REQUEST NO. 11:**

All documents relating to programs or software used for purposes of creating the S.B. 927 plans.

**RESPONSE TO REQUEST NO. 11:**

Defendants object to this Request to the extent that it seeks information or material that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Subject to and

without waiving the foregoing objections, Defendants respond that the software used in performing the map drawing process was AutoBound EDGE 2020, but because of licensing and ownership restrictions, Defendants cannot provide a copy of the actual software.

**REQUEST NO. 12:**

All documents relating to the potential or actual criteria, including but not limited to traditional redistricting criteria, used, or considered to guide the creation of the S.B. 927 plans.

**RESPONSE TO REQUEST NO. 12:**

Defendants object to this Request to the extent it calls for legal conclusions. Defendants object to this Request to the extent that it overbroad and unduly burdensome, and to the extent is seeks material not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants further object to this request on the grounds that it is vague, ambiguous, and undefined, including as to the terms and phrases "traditional redistricting criteria." Subject to and without waiving the foregoing objections, Defendants direct Plaintiffs to their response to Request No. 5, which provides links to materials responsive to this Request, including Senate Bill 927 and the related Resolutions, which contain the requested information.

**REQUEST NO. 13:**

All documents relating to the potential or actual use of all community feedback from Redistricting Committee public hearings in the S.B. 927 plans.

**RESPONSE TO REQUEST NO. 13:**

Defendants object to this Request as overbroad and unduly burdensome to the extent it seeks "all" documents, and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Subject to and without waiving the foregoing objections, Defendants direct Plaintiffs to their response to Request No. 5, which provides links to materials responsive to this Request.

**REQUEST NO. 14:**

All documents relating to the person(s) responsible for developing and implementing redistricting standards, practices, or protocols for drawing the S.B. 927 plans.

**RESPONSE TO REQUEST NO. 14:**

Defendants object to this Request to the extent it calls for legal conclusions. Defendants object to this Request overbroad and unduly burdensome, as not relevant to the claim or defense of any party, and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request because it seeks information protected by legislative privilege, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, or any other privilege or protection from disclosure provided by law. Defendants further object to this request on the grounds that it is vague, ambiguous, and undefined, including as to the terms and phrases "responsible for developing" and "implementing." Subject to and without waiving the foregoing objections, Defendants respond that they are willing to meet and confer regarding the meaning of this Request and what documents would be responsive to it.

**REQUEST NO. 15:**

All documents relating to the 2021 redistricting process and the Latino population in Illinois from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 15:**

Defendants object to this Request as overbroad and unduly burdensome, as not relevant to the claim or defense of any party, and as not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants further object to the extent that some of the requested information is publicly available and is therefore equally available to both parties. Subject to and without waiving the foregoing objections, Defendants respond that they have already produced documents relevant to this Request, including: 2020 Census Bureau geography data, and the shape files and block equivalency files for Senate Bill 927. Subject to and without waiving the foregoing objections, Defendants direct Plaintiffs to their response to Request No. 5, which provides publicly available links to materials responsive to this request, including specifically the 2020 Census (P.L. 94-171) Redistricting Data, available at https://www2.census.gov/programs-surveys/decennial/2020/data/01-Redistricting_File--PL_94-171/Illinois/.

**REQUEST NO. 16:**

All documents relating to communications between you and Kimball Brace concerning the 2021 redistricting process from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 16:**

Defendants object to the Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants object to this Request overbroad as to scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the phrase "documents relating to communications" as vague and ambiguous.

Subject to and without waiving any foregoing objections, Defendants agree to produce non-privileged documents in their possession, custody, or control in response to this Request that are relevant to the August Map.

**REQUEST NO. 17:**

All documents relating to communications between you and Allan Lichtman, concerning the 2021 redistricting process from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 17:**

Defendants object to the Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants object to this Request overbroad as to scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the phrase "documents relating to communications" as vague and ambiguous.

Subject to and without waiving any foregoing objections, Defendants agree to produce non-privileged documents in their possession, custody, or control in response to this Request that are relevant to the August Map.

**REQUEST NO. 18:**

All documents relating to communications between you and Senator Steven M. Landek, relating to the 2021 redistricting process from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 18:**

Defendants object to this Request overbroad as to scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request because it seeks information protected by legislative privilege, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, or any other privilege or protection from disclosure provided by law. Defendants further object to the phrase "documents relating to communications" as vague and ambiguous.

Subject to and without waiving any foregoing objections, Defendants agree to produce non-privileged documents in their possession, custody, or control in response to this Request that are relevant to the August Map.

**REQUEST NO. 19:**

All documents relating to communications between you and Senator Omar Aquino, relating to the 2021 redistricting process from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 19:**

Defendants object to this Request overbroad as to scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request because it seeks information protected by legislative privilege, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, or any other privilege or protection from disclosure provided by law. Defendants further object to the phrase "documents relating to communications" as vague and ambiguous.

Subject to and without waiving any foregoing objections, Defendants agree to produce non-privileged documents in their possession, custody, or control in response to this Request that are relevant to the August Map.

**REQUEST NO. 20:**

All documents relating to communications between you and Representative Edgar Gonzalez, relating to the 2021 redistricting process from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 20:**

Defendants object to this Request overbroad as to scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request because it seeks information protected by legislative privilege, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, or any other privilege or protection from disclosure provided by law. Defendants further object to the phrase "documents relating to communications" as vague and ambiguous.

Subject to and without waiving any foregoing objections, Defendants agree to produce non-privileged documents in their possession, custody, or control in response to this Request that are relevant to the August Map.

**REQUEST NO. 21:**

All documents relating to communications between you and Representative Aaron M. Ortiz, relating to the 2021 redistricting process from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 21:**

Defendants object to this Request overbroad as to scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request because it seeks information protected by legislative privilege, and

to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, or any other privilege or protection from disclosure provided by law. Defendants further object to the phrase "documents relating to communications" as vague and ambiguous.

Subject to and without waiving any foregoing objections, Defendants agree to produce non-privileged documents in their possession, custody, or control in response to this Request that are relevant to the August Map.

**REQUEST NO. 22:**

All documents relating to communications between you and Representative Michael J. Zalewski, relating to the 2021 redistricting process from January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 22:**

Defendants object to this Request overbroad as to scope and time, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request because it seeks information protected by legislative privilege, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, or any other privilege or protection from disclosure provided by law. Defendants further object to the phrase "documents relating to communications" as vague and ambiguous.

Subject to and without waiving any foregoing objections, Defendants agree to produce non-privileged documents in their possession, custody, or control in response to this Request that are relevant to the August Map.

**REQUEST NO. 23:**

All documents relating to precinct-level voter registration Spanish-surname, demographic and ethnic data as of each Illinois election from 2012 to the present.

**RESPONSE TO REQUEST NO. 23:**

Defendants object to this request as overbroad and unduly burdensome, including to the extent it seeks "all" documents related to "each" district, which Plaintiffs claims, if any, would be district-specific. Defendants further object to this request on the grounds that it is vague, ambiguous, and undefined, including as to the meaning and scope of the phrase "Spanish-surname." Defendants also object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants further object because it is not relevant to any currently pleaded claim. To the extent that Plaintiffs file a second amended complaint, to which information responsive to this Request would be relevant, Defendants are willing to meet and confer at that time regarding a supplemental response.

Subject to and without waiving any foregoing objections, Defendants provide the following supplemental response: there are no documents responsive to this Request.

**REQUEST NO. 24:**

All documents from January 1, 2021, to the present, relating to precinct-level voter registration Spanish-surname, demographic and ethnic data as of each Illinois election from 2012 to the present that Allan Lichtman or Kimball Brace used to analyze racially polarized voting.

**RESPONSE TO REQUEST NO. 24:**

Defendants object to the Request as duplicative of Request No. 23, and incorporate their objections to Request No. 23. Defendants further object to this Request as vague and ambiguous, including as to the undefined term "racially polarized voting."

Subject to and without waiving any foregoing objections, Defendants provide the following supplemental response: Defendants agree to inquire with Allan Lichtman regarding whether documents responsive to this Request are in his possession, custody, or control, and

produce those documents, to the extent they exist, are not subject to privilege or other protection, and are relevant to the August Map. Kimball Brace has not performed any racially polarized voting analysis on behalf of Defendants and therefore will not be in possession of any responsive documents.

**REQUEST NO. 25:**

All documents and data relating to election precinct geography for every Illinois election from the 2012 primary to the present.

**RESPONSE TO REQUEST NO. 25:**

Defendants object to the Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants further object to this Request as overbroad and unduly burdensome including to the extent is seeks "all" documents and data for every Illinois election since 2012, and to the extent it does not tailor its request to those used to create Senate Bill 927. Defendants also object to the extent this Request is not relevant to the claim or defense of any party, and/or reasonably calculated to lead to the discovery of admissible evidence. To the extent that Plaintiffs file a second amended complaint, to which information responsive to this Request would be relevant, Defendants are willing to meet and confer at that time regarding a supplemental response related to the specific districts challenged therein.

Subject to and without waiving any foregoing objections, Defendants agree to produce documents responsive to this Request that are in their possession, custody, and control and which are relevant to the August Map. Defendants further agree to inquire with Allan Lichtman regarding whether additional responsive documents that relate to the August Map are in his

possession, custody, or control and to produce such documents to the extent they are not subject to privilege or other protection.

Dated: September 22, 2021

Respectfully submitted,
/s/ Adam R. Vaught____

Michael J. Kasper
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312) 704-3292
mjkasper@60@mac.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Adam R. Vaught
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
(312) 704-3000
avaught@hinshawlaw.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Devon C. Bruce
Power Rogers, LLP
70 W. Madison St., Suite 5500
Chicago IL, 60606
(312) 236-9381
dbruce@powerrogers.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Heather Wier Vaught
Heather Wier Vaught, P.C.
106 W. Calendar Ave, #141
LaGrange, IL 60625
(815) 762-2629
heather@wiervaught.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Sean Berkowitz
Latham & Watkins LLP
330 N. Wabash, Suite 2800
Chicago, IL 60611
(312) 777-7016
sean.berkowitz@lw.com

Colleen C. Smith
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400
colleen.smith@lw.com

*Counsel for Defendants Harmon and Office of the President*

1042768\309165055.v1