# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE CONTRERAS, IRVIN FUENTES, ABRAHAM MARTINEZ, IRENE PADILLA, and ROSE TORRES, <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS STATE BOARD OF ELECTIONS, CHARLES W. SCHOLZ, IAN K. LINNABARY, WILLIAM J. CADIGAN, LAURA K. DONAHUE, WILLIAM R. HAINE, WILLIAM M. MCGUFFAGE, KATHERINE S. O'BRIEN, and CASANDRA B. WATSON in their official capacities as members of the Illinois State Board of Elections, DON HARMON, in his official capacity as President of the Illinois Senate, and THE OFFICE OF THE PRESIDENT OF THE ILLINOIS SENATE, EMANUEL CHRISTOPHER WELCH, in his official capacity as Speaker of the Illinois House of Representatives, and the OFFICE OF THE SPEAKER OF THE ILLINOIS HOUSE OF REPRESENTATIVES, <br><br> Defendants. | Case No. 1:21-CV-03139 <br><br> Circuit Judge Michael B. Brennan <br> Chief Judge Jon E. DeGuilio <br> Judge Robert M. Dow, Jr., <br> Three-Judge Court <br> Pursuant to 28 U.S.C. § 2284(a) |

**DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES**

**PROPOUNDING PARTY**: Julie Contreras, et al.

**RESPONDING PARTY**: Emanuel Christopher Welch, Office of the Speaker of the Illinois House of Representatives, Don Harmon, Office of the President of the Illinois Senate

**SET NUMBER**: Two (Nos. 1-5)

1

**PRELIMINARY STATEMENT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Don Harmon, in his official capacity as President of the Illinois Senate, the Office of the President of the Illinois Senate, Emanuel Christopher Welch, in his official capacity as Speaker of the Illinois House of Representatives, and the Office of the Speaker of the Illinois House of Representatives ("Defendants"), by and through their counsel, hereby submit the following supplemental responses and objections to Plaintiffs' Julie Contreras, Irvin Fuentes, Abraham Martinez, Irene Padilla, and Rose Torres ("Plaintiffs") Second Set of Interrogatories dated September 13, 2021 (the "Interrogatories").

The responses to these Interrogatories are prepared based on information known to the Defendants as of the date of these responses. Defendants reserve the right to make use of or introduce into evidence at the trial of this matter any information disclosed or developed through investigation or discovery subsequent to the date of these responses. Defendants reserve the right to correct, amend, or supplement these responses should it become aware of any inadvertent omission, error, or additional information that they may subsequently discover and determine to be relevant.

Defendants will make reasonable efforts to respond to every Interrogatory to the extent that it has not been objected to and to the extent that Defendants understand the Interrogatory. If Plaintiffs subsequently assert an interpretation of an Interrogatory which differs from that given to it by Defendants, then Defendants reserve the right to correct, amend or supplement their objections and responses, as necessary.

The fact that Defendants have responded to any specific Interrogatory does not indicate that information responsive to that Interrogatory actually exists or ever existed. Defendants may

provide information they believe may be responsive to a particular Interrogatory and reserve the right to assert subsequently that such information is not of the type called for by any particular Interrogatory.

Any responses Defendants provide to these Interrogatories are subject to the Parties' agreement to be bound by the terms of a negotiated stipulated protective order approved by the Court. Defendants hereby designate any responses to these Interrogatories as CONFIDENTIAL, and reserve the right to designate them as HIGHLY CONFIDENTIAL, under the terms of such protective order. Defendants reserve all of their rights and applicable objections with respect to their private, confidential, or other similarly protected materials.

In responding to the Interrogatories, Defendants do not concede that any of the information requested or provided is relevant, material, or admissible in evidence. Defendants reserve the right to challenge on evidentiary grounds any information provided in response to the Interrogatories.

## **GENERAL OBJECTIONS**

The following General Objections are hereby incorporated by reference with the same force and effect as if fully set forth in the specific response and objections to each Interrogatory.

1. Defendants object to the Interrogatories to the extent they impose any requirement or discovery obligation other than or beyond that set forth in the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of Illinois, or any other applicable rules.

2. Defendants object to the Interrogatories to the extent they purport to call for production of information protected from disclosure by the attorney-client privilege, the work product doctrine, legislative privilege, the right to privacy, or any other legally-cognizable

privilege or immunity. Defendants hereby claim such privileges, immunities, and protections to the extent implicated by the Interrogatories. Defendants will exclude privileged and protected information when responding to the Interrogatories. Nothing contained in Defendants' responses are intended to be, or in any way shall be deemed to be, a waiver of any such applicable privilege, immunity, or protection. Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges, immunities, or protections or any other ground for objection to discovery or use of any such document.

3. Defendants object to the Interrogatories on the ground that they seek information of a confidential nature. Defendants reserve the right to redact any confidential information that is not relevant to the subject matter of this action or not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to the Interrogatories to the extent that they seek information or material that is not relevant to the claims pleaded in the currently operative First Amended Complaint or the defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, and/or would not be admissible at trial.

5. Defendants object to the Interrogatories to the extent that they are overly broad, unduly burdensome, or seek information not reasonably limited in time or scope.

6. Defendants object to the Interrogatories to the extent that they may be construed as calling for information and/or the identification of information subject to Defendants' or third parties' rights of privacy and/or confidentiality.

7. Defendants object to the Interrogatories to the extent they seek information not within their possession, custody, or control.

8. Defendants object to the Interrogatories to the extent that they call for, or can be

interpreted as calling for, legal conclusions.

9. Defendants object to the Interrogatories to the extent they are premature.

10. Defendants object to the Interrogatories as compound and to the extent they count as separate interrogatories pursuant to Federal Rules of Civil Procedure. Defendants reserve the right to object to further interrogatories from Plaintiffs in excess of the number provided for by Federal Rule of Civil Procedure 33(a)(l) or by the Court in any order.

11. Defendants object to the use of the term "redistricting" except as it refers to (i) redistricting of Illinois state Legislative and Representative Districts; and (ii) the redistricting process related to the amendment of Public Act 102-0010 that was passed by the General Assembly on August 31, 2021 as Senate Bill 927.

12. Defendants object to the extent that any Interrogatory does not relate to any claim or allegation in the currently operative First Amended Complaint or defense thereto, is being used to investigate and develop claims and allegations for Plaintiffs' forthcoming Second Amended Complaint, and/or does not relate to any claim or allegation in Plaintiffs' forthcoming Second Amended Complaint or any defense thereto.

13. Any response, objection, or production made in these supplemental responses relates only to the list of priority districts identified by Plaintiffs on September 22, 2021.

## OBJECTIONS TO DEFINITIONS

Defendants object to each paragraph of the "Definitions" section to the extent the definitions purportedly set forth therein would: (a) expand the definition of a term beyond its ordinary use in the English language; (b) create an undue burden for Defendants when propounding their responses and objections to the Interrogatories; and/or (c) impose obligations on Defendants that exceed, or are inconsistent with, the obligations imposed by the Federal Rules of Civil

Procedure, the Local Rules of the Northern District of Illinois, or other applicable law.

1. Defendants object to the definition of "DOCUMENT" to the extent it calls for the production of any information subject to any privilege, including the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants also objects to the extent it requires the production of unduly burdensome discovery or items that are not reasonably calculated to lead to discovery of matter that is relevant to any party's claim or defense. Defendant further objects to the extent it seeks information outside of Defendants' "control" as defined by the Federal Rules and relevant case law.

2. Defendants object to the definition of "DATASET" as overbroad, unduly burdensome, seeking information that is irrelevant to the subject matter at issue in this case, and not reasonably calculated to lead to discovery of matter that is relevant to any party's claim or defense, including because it is not limited to certain years or types of information.

3. Defendants object to the defined term "S.B. 927 PLANS" as incorrect because Senate Bill 927 was passed by a majority of both chambers of the Illinois General Assembly on August 31, 2021.

<div style="text-align:center"><strong><u>RESPONSES AND SPECIFIC OBJECTIONS</u></strong></div>

**<u>INTERROGATORY NO. 1:</u>**

Please specifically identify all studies or analyses that you or your agents conducted or caused to be conducted within the last five years to determine whether racially polarized voting occurs in Illinois by date, author, description of content, recipient(s), and custodian of any written copy or record of such study or analysis.

**<u>RESPONSE TO INTERROGATORY NO. 1:</u>**

Defendants object to this Interrogatory as overbroad as to subject matter and time, and unduly burdensome. Defendants further object to this Interrogatory on the ground that it is compound and therefore counts as multiple interrogatories for the purpose of the Federal Rules' prescribed interrogatory limits. *See* Fed. R. Civ. P. 33(a)(1). Defendants also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other privilege or protection from disclosure provided by law. Defendants further object to the Interrogatory as not related to any pleaded claim or allegation or defense thereto. Subject to and without waiving any foregoing objections, Defendants direct Plaintiffs to the May 2021 testimony of Allan Lichtman before the Illinois General Assembly, which Defendants have previously made public and provided Plaintiffs a link to, which contains his racial polarization analysis. Any additional racial polarization analysis will be performed and disclosed in Defendants' expert disclosures, to the extent such analysis is necessary in response to new claims in Plaintiffs' forthcoming Second Amended Complaint.

Subject to and without waiving any foregoing objections, Defendants provide the following supplemental response: Defendants confirm the response they provided during the parties' September 22, 2021 meet and confer, which identified Allan Lichtman's May 2021 testimony, which Defendants have already produced, as the only responsive material.

**INTERROGATORY NO. 2:**

Identify all Defendants, their agents, employees, or other persons acting on their behalf who participated in the development of the S.B. 927 plans, in whole or in part, as part of the 2021 redistricting process. For each person listed, describe the person's title and job description at that time and responsibilities with regard to the General Assembly's redistricting; the

7

person's duties; the person's role or contribution in developing proposed redistricting plans; the educational, employment or other experience that specially qualified that person to provide assistance and advice; the dates of service rendered; any compensation or consideration received by that person in exchange for their services; which person, persons, or departments provided payment to each person identified.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this Interrogatory on the ground that it is compound and therefore counts as multiple interrogatories for the purpose of the Federal Rules' prescribed interrogatory limits. *See* Fed. R. Civ. P. 33(a)(1). Defendants further object to this Interrogatory as overbroad, unduly burdensome, and irrelevant to the extent it asks Defendants to identify "all" individuals who contributed to the process, and to the extent it requests excessive and irrelevant details regarding each individual. Defendants also object to this Interrogatory because it seeks information protected by legislative privilege, and to the extent it seeks information protected by other privileges or protections, including the attorney-client privilege and/or work product doctrine. Defendants object to the phrase "participated in the development" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing objections, Defendants identify Kimball Brace, and refer Plaintiffs to their Rule 26 initial disclosures. Defendants further respond that Defendants and their "agents, employees, and others acting on their behalf" are not the only participants in the redistricting process; many members of the Illinois General Assembly who are not defendants to this action contributed to the 2021 redistricting process to some degree. To that end, Defendants direct Plaintiffs to the Illinois House and Senate websites, which provide the members of each chamber's redistricting committees: https://www.ilga.gov/senate/committees/members.asp?CommitteeID=2742;

https://www.ilga.gov/house/committees/members.asp?CommitteeID=2800&GA=102.

**INTERROGATORY NO. 3:**

Identify all datasets, if any, used by you to calculate levels of racially polarized voting, including but not limited to turnout data, registration data, and CVAP data.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this Interrogatory as overbroad and unduly burdensome, and as vague as to time. Defendants further object to the extent this Interrogatory would require the production of documents outside of their possession, custody, or control. Defendants also object to the Interrogatory as not relevant to any party's claims or defenses. Defendants also object to this Interrogatory as duplicative of Interrogatory No. 1. Subject to and without waiving the foregoing objections, Defendants direct Plaintiffs to the May 2021 testimony of Allan Lichtman before the Illinois General Assembly, which Defendants have previously made public and provided Plaintiffs a link to. Further details as to the process behind Mr. Lichtman's racial polarization analysis are properly addressed through expert discovery, to the extent the requested information is, at that time, relevant to Plaintiffs' claims.

Subject to and without waiving any foregoing objections, Defendants provide the following supplemental response: Defendants confirm the response they provided during the parties' September 22, 2021 meet and confer, which identified Allan Lichtman's May 2021 testimony, which Defendants have already produced, as the only material Defendants relied on related to racially polarized voting.

**INTERROGATORY NO. 4:**

Identify each person, organization, agency or department which you, your agents or employees contacted for technical or legal assistance in the 2021 redistricting process and provide the date and reason for the contact.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this Interrogatory as overbroad as to subject matter and time, and unduly burdensome. Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, and undefined, including as to the phrase "technical [] assistance." Defendants also object to the extent that this Interrogatory is not reasonably calculated to lead to discovery of matter that is relevant to any party's claim or defense. Defendants further object to this Interrogatory on the ground that it is compound and therefore counts as multiple interrogatories for the purpose of the Federal Rules' prescribed interrogatory limits. *See* Fed. R. Civ. P. 33(a)(1). Defendants also object to this Interrogatory because it seeks information subject to legislative privilege, and to the extent it seeks information protected by any other applicable privilege or protection, including the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 5:**

Describe in detail any and all efforts made or actions taken by you, your employees or agents to ensure that the S.B. 927 plans complied with Section 2 of the Voting Rights Act of 1965.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, legislative privilege, or any other

10

privilege or protection from disclosure provided by law. Defendants further object to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information related to all Legislative and Representative districts, when presumably Plaintiffs will challenge only a few specific districts, if any, under the Voting Rights Act. Defendants also object to this Interrogatory as premature, and not relevant to any party's claims or defenses. Subject to and without waiving the foregoing objections, Defendants respond that their forthcoming expert disclosures will provide information responsive to this Interrogatory.

<div style="display: flex;">
<div>

Dated: September 22, 2021

Michael J. Kasper
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
(312) 704-3292
mjkasper@60@mac.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Devon C. Bruce
Power Rogers, LLP
70 W. Madison St., Suite 5500
Chicago IL, 60606
(312) 236-9381
dbruce@powerrogers.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Sean Berkowitz
Latham & Watkins LLP
330 N. Wabash, Suite 2800
Chicago, IL 60611
(312) 777-7016
sean.berkowitz@lw.com

Colleen C. Smith
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400
colleen.smith@lw.com

*Counsel for Defendants Harmon and Office of the President*

</div>
<div>

Respectfully submitted,

/s/ Adam R. Vaught

Adam R. Vaught
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
(312) 704-3000
avaught@hinshawlaw.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Heather Wier Vaught
Heather Wier Vaught, P.C.
106 W. Calendar Ave, #141
LaGrange, IL 60625
(815) 762-2629
heather@wiervaught.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

</div>
</div>

## Verification

I, Giovanni Randazzo, declare under penalty of perjury, under the laws of the United States, that I have reviewed the foregoing supplemental responses and objections to Plaintiffs' Second Set of Interrogatories and that those responses and objections made on behalf of the Defendants Harmon and the Office of the President of the Illinois Senate are based on my understanding, information derived from Illinois Senate records, and/or for facts as to which I do not have personal knowledge, information provided by others, and that to the best of my knowledge, information, and belief the responses and objections and are true and correct.

Executed at the Illinois State Capitol in Springfield, Illinois on September 23, 2021.

By: _____

Giovanni Randazzo

## Verification

I, Justin Cox, declare under penalty of perjury, under the laws of the United States, that I have reviewed the foregoing supplemental responses and objections to Plaintiffs' Second Set of Interrogatories and that those responses and objections made on behalf of the Defendants Welch and the Office of the Speaker of the Illinois House of Representatives are based on my understanding, information derived from Illinois House records, and/or for facts as to which I do not have personal knowledge, information provided by others, and that to the best of my knowledge, information, and belief the responses and objections and are true and correct. Executed in Cook County, Illinois on September 23, 2021.

By: _____
Justin Cox