**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JULIE CONTRERAS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:21-cv-3139 |
| ) | |
| v. ) | Circuit Judge Michael B. Brennan |
| ) | Chief District Judge Jon E. DeGuilio |
| ILLINOIS STATE BOARD OF ) | District Judge Robert M. Dow, Jr. |
| ELECTIONS, *et al.*, ) | |
| ) | Three-Judge Court |
| Defendants. ) | Pursuant to 28 U.S.C. § 2284(a) |
| ) | |

**DEFENDANTS ILLINOIS STATE BOARD OF ELECTIONS AND ITS MEMBERS'
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants, the Illinois State Board of Elections (the "Board"), Ian K. Linnabary, William M. McGuffage, William J. Cadigan, Laura K. Donahue, Cassandra B. Watson, Rick S. Terven, Sr., and Katherine S. McCrory (collectively the "Board Members"), in their official capacities as members of the Illinois State Board of Elections, by their attorney, Kwame Raoul, Attorney General of Illinois, in support of their Motion to Dismiss Plaintiffs' Second Amended Complaint state as follows:

**INTRODUCTION**

Plaintiffs' Second Amended Complaint alleges that the state legislative redistricting maps signed into law on June 4, 2021 ("June 2021 Redistricting Plan") were malapportioned in violation of the Fourteenth Amendment. ECF No. 98 at Count I. On September 24, 2021, a new redistricting plan was signed into law ("September 2021 Redistricting Plan"), rendering the June 2021 Redistricting Plan moot. Plaintiffs further allege that the September 2021 Redistricting Plan

1

violates Section 2 of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10101 *et seq.*, and the Fourteenth Amendment through racial gerrymandering. ECF No. 98 at Counts II & III.

The Illinois Constitution requires that the Senate and Representative district maps be redrawn in the year after each decennial census; this requirement means redistricting must be completed in 2021. *Id.* ¶ 41. The General Assembly is tasked with passing a redistricting plan. *Id.* If a plan is not signed into law by June 30 of the applicable year—here June 30, 2021—a bipartisan redistricting commission must be appointed to draft a redistricting plan. *Id.* Typically, the decennial census data is available in April of the year follow the census. *See id.* at ¶ 56. This year, due to complications related to COVID-19, the decennial data necessary to begin state redistricting was not received until August 16, 2021. *Id.* at ¶ 58. Due to these delays, the June 2021 Redistricting Plan was based on the U.S. Census Bureau's American Community Survey's five-year population estimates from 2015-2019 ("ACS data") instead of the decennial census data. *Id.* at ¶ 3.

Plaintiffs allege that the ACS data should not have been used for redistricting maps because the ACS data does not account for all Illinois residents, represents a small sampling of addresses in Illinois, does not accurately represent sparsely populated areas, and cannot create substantially equal legislative districts. *Id.* ¶¶ 59-65. Plaintiffs allege that the maps associated with the June 2021 Redistricting Plan, which were drawn based on the ACS data, are malapportioned. *Id.* at Count I.

Plaintiffs also allege that the September 2021 Redistricting Maps fail to accurately reflect the strength of the Latino voting population in Illinois. *See id.* at ¶¶ 66-74. As such, Plaintiffs allege that the September 2021 Redistricting Plan "dilute[s] the voting strength of Latino voters in Illinois and denies them an equal opportunity to participate in the political process" in violation of

the VRA and the equal protection clause of the Fourteenth Amendment. *Id.* at ¶ 69 and Counts I and II. Plaintiffs seek declaratory and injunctive relief. *Id.* at Prayer for Relief.

Plaintiffs' equal protections claims against the Board must be dismissed because they are barred by the Eleventh Amendment and the Board is not a "person" for purposes of 42 U.S.C. § 1983. Plaintiffs' VRA claim against the Board and all claims against the Board Members also must be dismissed because Plaintiffs have not alleged that the Board or any Board Members took any action to cause any alleged injury and, therefore, Plaintiffs lack standing under Article III to bring any claims against the Board or the Board Members. Plaintiffs also do not state a viable claim against the Board or the Board Members because they do not allege a plausible basis to conclude that they personally engaged in conduct that violates the Constitution. Finally, Plaintiffs cannot obtain injunctive relief against the Board or the Board Members in these circumstances. Plaintiffs' claims against the Board and the Board Members should be dismissed.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a case based on "lack of subject matter jurisdiction." F.R.C.P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id*. at (h)(3).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint should be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sufficient complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content, as "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a motion to dismiss pursuant

to Rule 12(b)(6), the court must accept all well-pleaded facts as true, but it must also "draw on its judicial experience and common sense" to determine if the plaintiff has stated a plausible claim for relief. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal* 556 U.S. at 678. If, upon its review, the court determines that a plaintiff has failed to meet this plausibility requirement, the matter should be dismissed.

## ARGUMENT

**I.    PLAINTIFFS' EQUAL PROTECTION CLAIMS AGAINST THE BOARD ARE BARRED BY THE ELEVENTH AMENDMENT.**

The Board reiterates its position that the Eleventh Amendment prohibits suits against a state without the State's consent. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989); *see* ECF Nos. 31, 41, 89. It is long-established that this protection is extended to state agencies such as the Board. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* at 100. While the VRA allows suits against the State (*see Mixon v. Ohio*, 193 F.3d 389, 399 (6th Cir. 1999)), there are no exceptions to Eleventh Amendment immunity that would allow constitutional claims against the Board. Plaintiffs' equal protection claims against the Board should therefore be dismissed without prejudice.

**II.   PLAINTIFFS CANNOT STATE ANY VIABLE CLAIMS AGAINST THE STATE BOARD OR BOARD MEMBERS.**

**A.    The State Board of Elections Is Not an "Individual" That Is Subject to Suit Under 42 U.S.C. § 1983.**

Plaintiffs allege that the Board has violated the equal protection clause of the Fourteenth Amendment and seek relief under 42 U.S.C. § 1983. ECF No. 98 at Counts I & II. As discussed, Plaintiffs' equal protection claims against the Board are barred by the Eleventh Amendment.

However, even if their claims against the Board were not barred on Eleventh Amendment grounds, Plaintiffs cannot bring a Section 1983 claim against the Board. A claim under Section 1983 can be brought only against a "person" who acts under color of state law and deprives another person of his or her rights. *See* 42 U.S.C. § 1983. But neither a state, nor its agencies as arms of the state, are "persons" subject to suit under Section 1983. *Will*, 491 U.S. at 71 (holding that a state is not a "person" under Section 1983). Because the Board is not a "person" under Section 1983, Counts I and II of Plaintiffs' Second Amended Complaint fail as to the Board.

### B. Plaintiffs Lack Standing to Bring Their Claims Against the Board or the Board Members.

Defendants reassert their position that Plaintiffs' claims against the Board or the Board Members fail because Plaintiffs have not sufficiently alleged that the Board or Board Members' actions have caused any alleged injury. "Article III restricts the judicial power to actual 'Cases' and 'Controversies,' a limitation understood to confine the federal judiciary to the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury." *Ezell v. City of Chicago*, 641 F.3d 684, 694–95 (7th Cir. 2011). Accordingly, a plaintiff lacks standing unless (1) "the plaintiff suffers an actual or impending injury;" (2) "the injury is caused by the defendant's acts;" and (3) "a judicial decision in the plaintiff's favor would redress the injury." *Id.* (internal quotations omitted). This "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998) (footnote omitted). At the pleading stage, a plaintiff must establish each element of Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

First, Plaintiffs' request for declaratory relief regarding the June 2021 Redistricting Plan is moot, as that plan has no practical effect moving forward. *H.P. by and Through W.P. v. Naperville*

*Comm. Unit Sch. Dist. #203*, 910 F.3d 957, 960 (7th Cir. 2018) (stating that a case becomes moot when "a court's decision can no longer affect the rights of the litigants in the case before them").

Moreover, with regard to both the June 2021 Redistricting Plan and the September 2021 Redistricting Plan, Plaintiffs have not satisfied the causation requirement to establish standing because they make no factual allegations establishing a causal connection between the alleged injury that is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 650 (1992). Plaintiffs also have not sufficiently alleged that the Board or the Board Members can offer any relief to redress their alleged injuries or that their claims are concrete and imminent and not speculative.

As in the Complaint and Amended Complaint, the only allegations that relate to the Board or its Members in this Second Amended Complaint merely identify the Board as the entity that oversees and regulates public elections in Illinois and name the individual Board Members. ECF No. 98 at ¶¶ 27-34. Plaintiffs make no allegations that the Board or its Members have taken any specific actions, let alone any actions that injured Plaintiffs. *See* ECF No. 98. Without any alleged connection between the Board or Board Members' actions and Plaintiffs' alleged injury, Plaintiffs have "fail[ed] to show a nexus between the alleged violations and their claimed injury." *Paher v. Cegavske*, No. 3:20-cv-00243, 2020 WL 2748301 (D. Nev. May 27, 2020). Other than merely identifying the Board and its Members and speculating about what they may do in the future, every factual allegation in the Second Amended Complaint refers to alleged conduct of other individuals. Because Plaintiffs have failed to sufficiently allege that any activity fairly traceable to the Board or Board Members caused any injury, "they fall short in their attempt to establish standing." *Hope, Inc. v. DuPage County, Ill.*, 738 F.2d 797, 807–808 (7th Cir. 1984).

Moreover, Plaintiffs seek injunctive relief against the Board Members preventing them from overseeing an election based on the allegedly unconstitutional September 2021 Redistricting Plan. ECF No. 98 at Prayer for Relief. To be ripe, a claim must point to an alleged injury that is "actual and imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560. However, Plaintiffs' allegations supporting their request for injunctive relief against the Board Members are speculative; they rely on the assumption that if this Court finds the September 2021 Redistricting Plan to be unconstitutional, the Board Members will still conduct an election based on the September 2021 Redistricting Plan despite this Court's ruling. Thus, Plaintiffs' allegations are purely speculative and not ripe for review. *Abbot Laboratories v. Gardner*, 387 U.S. 136, 148 (1967) (ripeness requirement "prevent[s] the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements.").

This Court should presume that the Board Members will properly discharge their official duties. *See U.S. v. Lee*, 502 U.S. 691, 697 (7th Cir. 2007) (it is presumed that the official acts of public officers will be discharged properly). Pl Plaintiffs' position is based on their belief that the Board Members would blindly adhere to the current election schedule regardless of how this Court rules. However, this position ignores significant practical considerations. First, there is simply no reason that the Board or Board Members would think that administering an election based on a map that a federal court has ruled unconstitutional or in violation of the VRA is an appropriate manner of discharging their official duties. Second, Plaintiffs' position ignores the reality of what will happen if the September 2021 Redistricting Plan were to be deemed unconstitutional or in violation of the VRA, which is that the General Assembly would need to reconvene to make any necessary amendments to the map and/or election schedule—a process that does not involve the Board or Board Members in any capacity. As such, there is no reason to enter an injunction against

the Board or Board Members because there is no real concern that the Board or Board Members will, at any point, take action that may violate Plaintiffs' rights. For these reasons, Plaintiffs lack standing to bring their claims against the Board or its Members.

### C. Plaintiffs Have Not Pled Plausible Claims Against the Board or the Board Members.

If the Court reaches the merits of Plaintiffs' VRA and equal protection claims against the Board or the Board Members, it should dismiss those claims under Rule 8(a) and Rule 12(b)(6) for failure to state a plausible claim. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Section 1983 limits liability to "a defendant's personal acts or decisions." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Here, Plaintiffs have not alleged that the Board or the Board Members have taken any personal or official actions or made any decisions with regard to the either the June or September 2021 Redistricting Plans. Plaintiffs instead rely on "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," but as the Supreme Court has held, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. With no substantive allegations against the Board or the Board Members, Plaintiffs have not stated a viable claim under the VRA or Section 1983.

### CONCLUSION

Because Plaintiffs do not and cannot allege a viable claim against the Illinois State Board of Elections or its Members, Defendants respectfully request that this Court dismiss Plaintiffs' claims against them.

<div style="display: flex; justify-content: space-between;">
<div>October 15, 2021</div>
<div>

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

<u>*/s/ Mary A. Johnston*</u>
Mary A. Johnston
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-4417
Mary.johnston@ilag.gov

*Counsel for Defendants Illinois State Board of Elections and its Members*

</div>
</div>