IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE CONTRERAS, *et al.*, | ) | Case No. 21-cv-3139 |
| | ) | |
| v. | ) | Circuit Judge Michael B. Brennan |
| | ) | Chief District Judge Jon E. DeGuilio |
| ILLINOIS STATE BOARD OF ELECTIONS, *et al.*, | ) | District Judge Robert M. Dow, Jr. |
| | ) | |
| | ) | Three-Judge Court – 28 U.S.C. § 2284(a) |
| Defendants. | ) | |

## ORDER

PER CURIAM. Plaintiffs' motion for instructions under Local Rule 54.3(g) [192] is granted and the panel's instructions are set out below. Plaintiffs' motion for attorney fees and costs [196] remains under advisement and will be resolved according to the procedures set out below. The Clerk is directed to remove the gavel associated with Docket Entry 199, as that filing is a memorandum of law, not a motion.

## STATEMENT

By way of background, a final judgment [188] in this case was entered on December 30, 2021. Relevant to the matter now before the panel, the final sentence of the memorandum opinion and order entered on that same day stated that "[t]o the extent that any Plaintiffs wish to seek attorneys' fees and costs in this matter, they may do so by filing a motion consistent with any applicable statutes." [187, at 64.] In the instant motion, Plaintiffs "seek fees and costs related to those claims under 52 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e)." [196, at 2.]

As the parties recognize, Local Rule 54.3 governs fee petitions in the Northern District of Illinois. Based on the responses to the March 25 minute entry [195], the panel remains puzzled why Plaintiffs waited until March 1, 2022, to provide notice to the Legislative Defendants of their intent to seek attorneys' fees in this action. That date appears to be tied to the appeal period, see 28 U.S.C. § 1253, 2101, but the local rules do not tie the procedures for seeking fees to the time to appeal; rather, all the deadlines are triggered by "the entry of judgment or settlement agreement" on which the motion is founded. See L.R. 54.3(b), (d)(4). And some of those deadlines contemplate activity well before 60 days. See L.R. 54.3(d)(4) (directing the movant to provide the respondent with certain information "within 21 days of the judgment or settlement agreement upon which the motion is based, unless the court sets a different schedule").

However, notwithstanding the structural clues in the rule identified in the preceding paragraph, Plaintiffs point to language in the local rule indicating that its deadlines are not self-executing. Specifically, Plaintiffs note that the obligations to exchange information set out in

L.R. 54.3(d) are to be undertaken "upon request." This is a sensible limitation, as parties sometimes agree on a reasonable fee, obviating any need for the extra work that would be required to comply with the rule. Nevertheless, as Defendants point out, one can hardly have expected them to make a request for information prior to any indication from Plaintiffs that they intended to pursue a fee award in this case.[1]

The debate over the "upon request" language leads the panel to what appears to be a significant omission in the rule text: there is no date certain by which a party must indicate that it intends to seek an award or attorney's fees and other non-taxable expenses. This apparent glitch seems amenable to an easy fix by amendment—indeed, the panel will suggest such an amendment to the District's Rules Committee. For example, given the 21-day period referenced in L.R. 54.3(d)(4), the rule might also state that "within 14 days after the entry of the judgment or effective date of the settlement agreement on which the fee motion is based, the moving party must give notice to the responding party of its intent to seek an award of attorney's fees and related nontaxable expenses." But it says no such thing at present.

In view of the foregoing discussion, the panel believes this is an appropriate occasion for the invocation of the provision in Local Rule 54.3(b) that permits it to "order the parties to comply with the procedure set out in this rule as a post-filing rather than as a pre-trial procedure." The panel will deem Defendants' recent filings as an indication that they do "request" Plaintiffs to provide the time and work records supporting their claim. Plaintiff thus is directed to provide that information within 21 days, see L.R. 54.3(d)(4), and all other deadlines under the local rule will apply, with the parties' final joint statement due 70 days from today's date. See L.R. 54.3(e).

Dated: May 2, 2022

---

[1] A boilerplate request for attorneys' fees in a complaint is not sufficient to invoke Local Rule 54.3, especially where (as here) the result on the merits was a mixed bag for Plaintiffs.